*W. March*, for the plaintiff.

*W. Garver* and *R. A. Riley*, for the state.

*Nov. Term, 1853.*

DURHAM
v.
HUDSON.

*Monday, December 12.*

---

DURHAM, Administrator, *v.* HUDSON, Administrator.

Action for money had and received. Pleas, payment and the statute of limitations. Replication to the latter plea, that the cause of action had been concealed, &c. *Held*, that the receipt of the money was admitted. *Held*, also, that the bar of the statute of limitations was admitted, and the question simply presented whether there had been a concealment which would take the case out of the statute.

In an action by an administrator to recover a debt due to the intestate, the declaration concluded "to the damage of the plaintiff, administrator as aforesaid," &c. No objection was made to the declaration in the Circuit Court, the counts showed plainly enough that the plaintiff was suing as administrator, and the judgment was rendered in the proper form. *Held*, that the judgment ought not to be disturbed.

The defendant, against whom a verdict was rendered, was present in person and by counsel, at the impanneling of the jury and at the trial, and upon a motion made by him to set aside the verdict and grant a new

Nov. Term,
1853.

DURHAM
v.
HUDSON.

trial, no objection was made to the cause having been tried by an impro-
per number of jurors. *Held,* that he could not, therefore, object, on
error, that the cause was tried by eleven instead of twelve jurors.

In a civil case, the objection that a cause was tried by less than the com-
petent number of jurors, will be held to be waived, as against the party
who consented thereto.

The record of a cause stated that the jury that tried it was composed of
twelve persons, but in enumerating the names, upon the assumption that
each juror's christian name was intended to be prefixed, only eleven were
mentioned. *Held,* that the presumption still was that the jury was com-
posed of twelve persons.

Monday,
December 12.

ERROR to the *Vigo* Probate Court.

PERKINS, J.—Assumpsit by *Hudson,* administrator of
*John L. Walker,* deceased, against *Durham,* administrator
of *William Walker,* deceased.

The declaration contains four counts. The first charges
that at, &c., on, &c., in 1818, *William Walker,* deceased,
received in *Pennsylvania* money belonging to said *John L.
Walker,* deceased, which he had not paid over, &c., " to
the damage of the said plaintiff, administrator as afore-
said," &c.

The second count charges that *Durham* was indebted
to the plaintiff for money had and received by *William
Walker* in his lifetime, &c.; and concludes " to the dam-
age of said plaintiff as administrator aforesaid," &c.

The third count charges that *William Walker,* in his
lifetime, was indebted to *John L. Walker,* in his lifetime,
and alleges a promise of payment by *William* to *John*
in the lifetime of both, a failure to comply with said
promise, and also a failure by his administrator, since the
death of said *William,* to pay, and concludes to the dam-
age of "said plaintiff, administrator as aforesaid."

The fourth count is like the third.

The defendant pleaded payment and the statute of
limitations.

Replications—to the first plea, denial of payment, and
to the second, that the deceased, *William Walker,* con-
cealed the fact that he had received the money, &c., and that
since his death, his administrator had also concealed the
fact. Rejoinder to the last replication, denying the con-

cealment. Issues. And, says the record, "to try the issues herein, a jury is called as follows: *John Crews, James S. Freeman, Alexander Conner, George H. Spencer, J. Gurthwait, Jesse McGath, Bebee Booth, David Rankin, Samuel R. Mann, H. H. Hager, A. Freehart,* twelve good and lawful men, householders or freeholders of our said county, who being elected, tried and sworn," &c.

The verdict was for the plaintiff, and the defendant interposed a motion for a new trial, as follows:

"The defendant moves the Court for a new trial for the following reasons:

"1. The Court erred in admitting evidence at the instance of the plaintiff.

"2. The jury took with them papers which had not been proved and given in evidence before them.

"3. The verdict is contrary to the evidence and the law."

The Court overruled the motion, and rendered judgment on the verdict.

By the pleadings, the reception of the money by *William Walker* was admitted, and the plea of payment was not proved.

By the pleadings, the bar of the statute of limitations was admitted, and the question made upon the concealment of the cause of action which might take the case out of the statute.

This was a question for the jury, and was decided by them upon the evidence. Their decision was not so clearly wrong as to authorize us to disturb it on the proofs.

It is urged that the declaration is bad, because some of the counts do not conclude to the damage of the plaintiff "as" administrator, but conclude "to the damage of the plaintiff administrator as aforesaid," omitting the "as" before the word administrator.

No objection was made to this declaration in the Court below. The counts all show plainly enough that the plaintiff was suing as administrator, and the proper judgment was rendered. We shall not disturb the judgment on this ground.

It is also objected that the record shows a trial by a jury of eleven instead of twelve men.

The defendant and his counsel were present at the impannelling of the jury, and accepted it. They were present during the trial and made no objection; and in their motion for setting aside the verdict and granting a new trial, the defect in the jury was not mentioned. If, therefore, there were but eleven jurors, it would seem clear that the defendant had consented to that number; and his consent, at least in a civil case, would cure the error.

But we do not know that there were not twelve jurors. The record says there were twelve, and gives a number of names as composing the twelve. The clerk may, in making up the record, accidentally have omitted one, and he may not. More than twelve names are given, and unless every man must be presumed to have at least two names, there may be twelve men named in the record as jurors. We do not know that such a presumption would be allowed to prevail against the positive statement in the record, and think it should not. *Bebee* may be one man and *Booth* may be another.

An immaterial point is made in regard to the admission of evidence.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. P. Usher*, for the plaintiff.

*A. Kinney*, for the defendant.