MEREDITH BROWN, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Practice—Jury—Constitution.*—In trials at common law in courts of record, the parties are entitled to a jury of twelve men as a matter of constitutional right, and any consent to waive this right must be entered of record. If such consent do not appear of record, the party may avail himself of the objection by motion in arrest of judgment.

*Appeal from Linn Circuit Court.*

*Carr*, for appellant.

*Hall & Oliver*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

The respondent sued the appellant before a justice of the peace, in the county of Linn, for damages for killing cattle, and recovered a judgment for the value thereof. On appeal to the Circuit Court of Linn county, there was a trial anew before a jury of six men, and the plaintiff had a verdict and judgment. The verdict appears to have been fully warranted by the evidence, and we find no error in the instructions which were given for the plaintiff, and in refusing those asked for by defendant.

The defendant filed a motion for a new trial, and in arrest of judgment, for the reason, (among others,) that the case had been tried by a jury of six men, without his consent. Both motions were overruled. No consent of the defendant to a trial by a less number of jurors than that to which every party is entitled, on a trial in a court of record, as a matter of constitutional right, appears to have been entered of record.

It has been held by this court that such consent, when given, should always be entered of record, and that the party may avail himself of the objection on motion in arrest, and the same is the case on appeals from justices' courts to courts of common law, when the parties are entitled to a trial by a jury of twelve men, unless the right be expressly waived. (Vaughn v. Scade, 30 Mo. 600.) Accordingly, the motion in arrest should have been sustained.

For this reason, the judgment must be reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.