THOMAS SCOTT AND ELI CRISP, Defendants in Error, v. WILLIAM RUSSELL AND JAMES MUSICK, Plaintiffs in Error.

1. *Justices' Courts—Jurisdiction—Action for the Recovery of Specific Personal Property.—* A justice of the peace has no jurisdiction in an action for the recovery of specific personal property exceeding fifty dollars in value; and if it appear that the property is of a greater value, the action should be dismissed. In case of an appeal, the value of the property at the time of the trial before the justice is the test of jurisdiction.

2. *Constitution — Jury — Practice.—* In trials in the Circuit Court, the parties are entitled to demand a jury of twelve men; and if the case be tried by a smaller number, except a lawful jury be waived by consent entered of record, the judgment may be arrested—Brown v. Hann. & St. Jo. R.R., 37 Mo. 298, affirmed.

### Error to Cole Circuit Court.

*J. E. Belch,* for plaintiffs in error.

I. It is insisted that the court erred in denying the defendants' trial by jury. The value of controversy was over twenty dollars. Const. of U. S., § 7, of Amendments: " A petit jury shall consist of twelve citizens duly qualified." Defendants were entitled to this on the trial of an appeal from a justice—1 Binn. 416; 8 Ohio, N. S., 205. The Legislature had no power to deprive the defendants below of this right. The fact that the counsel for defendants did not state that

he demanded a jury of twelve till after plaintiffs exercised their right of challenge is immaterial. The right must be waived, and that should be entered of record (30 Mo. 600); and can be taken advantage of in a motion in arrest, though no objection is interposed before trial.

II. The court erred in not dismissing the suit on motion of defendants—R. C. 1855, p. 925, § 3.

III. In proceedings for the recovery of specific personal property, the jurisdiction conferred on justices is the value of the property; not as in other cases, where the plaintiff can remit the amount claimed—5 Blackf. 308; 6 Blackf. 397; 1 Gill, 203 & 33. The same construction has been given in this court in several cases—30 Mo. 478; 30 Mo. 488 & 200.

*Ewing & Smith*, and King, for defendants in error.

I. Notwithstanding the 8th article of the bill of rights annexed to the Constitution of State provides that the right of trial by jury shall remain inviolate, and the principles enunciated in Bk. of Mo. v. Anderson, 1 Mo. 175, and in Vaughan v. Scade, 30 Mo. 600, yet there was no error committed by the Circuit Court in refusing to try this case by a jury of twelve men. Inasmuch as defendants below permitted without objection the court to interrogate jurors, and submitted a list of twelve competent persons to plaintiffs' counsel from which to make their challenges, and allowed plaintiffs' counsel to make their challenges and handed the list to defendants, who, after they had seen the names challenged by plaintiffs, then for the first time demanded that the case be tried by twelve men, the defendants are estopped from making such demand. The silence and acquiescence of the defendants as to the action of the court in making the jury, implied their assent thereto.

II. The defendants' motion to dismiss the cause in the court below after it was disclosed by the evidence that the said property was of more than fifty dollars' in value, was very properly overruled. The Circuit Court had jurisdic-

tion. The amount claimed by plaintiffs in their complaint determined the jurisdiction — Buckner v. Armour, 1 Mo. 534; Langham et al. v. Boggs, 1 Mo. 477.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted before a justice of the peace in Cole county, for the recovery of a mare alleged in the complaint to belong to the plaintiffs. Judgment was rendered in the justice's court for plaintiffs, and defendants appealed to the Circuit Court, where, upon a trial anew, plaintiffs obtained a verdict, and judgment was entered thereon. The defendants, after an unsuccessful motion for a new trial and in arrest of judgment, sued out their writ of error to this court.

When the cause was called in the Circuit Court, both parties announced themselves ready for trial, and the court then ordered jurors to be sworn to answer questions touching their competency. When the number of twelve competent jurors had been obtained, the list was handed to the plaintiffs' counsel, who, after examining the same, struck three names therefrom, and then handed the list over to the defendants' counsel, who, after an inspection thereof, demanded more jurors, saying that he had not noticed that there were only twelve jurors sworn. The court refused to have other persons sworn, alleging as a reason therefor that twelve jurors had been sworn and interrogated and found to be competent, and that defendants' counsel had not made any demand for more jurors until after the above proceedings were had; to which action of the court in refusing to have more jurors sworn and empannelled the defendants' counsel at the time excepted. The parties then proceeded to trial with a jury composed of six persons.

Upon the trial, the evidence went to show that the value of the mare in controversy was seventy-five or eighty dollars, and the counsel for the defendants then moved to dismiss the cause because the justice of the peace had no jurisdiction; this motion the court overruled, and to its decision in

overruling the motion an exception was taken. The law conferring jurisdiction on justices of the peace for the recovery of specific personal property, limits the value of the property to an amount not exceeding fifty dollars; and when it is manifest that the value exceeds that amount, the justice is ousted of his jurisdiction, and the suit should be dismissed. But there is no evidence in this case to show what the value of the mare was when the proceeding was instituted before the justice. The examination does not seem to confine the value to any specific time or period. It is only essential that the amount or value should not exceed the jurisdiction of the justice at the time the suit is pending before him. If the value of the mare at the time the suit was brought did not exceed fifty dollars, but afterwards property of that description appreciated in value, a reasonable construction of the statute, in our opinion, would not require the suit to be dismissed on account of the enhancement of value which took place during the delay, on the trial in the Circuit Court.

It has been held that, in all trials in courts of record, it is the constitutional right of a party to demand a jury of twelve men; and that, if no exceptions are taken to the action of the court in proceeding to trial with a less number, the party may still take advantage of the error, by a motion in arrest of judgment. The defect will not be considered as waived, or consent presumed, unless entered of record—Vaughan v. Scade, 30 Mo. 600.

The identical question here presented recently came before this court in the case of Brown v. Hann. & St. Jo. R.R. Co., 37 Mo. 298, which was an appeal from the court of a justice of the peace, and no objection was made or point reserved, on the trial in the Circuit Court, on the ground of the number of jurors, but the party relied wholly on his motion in arrest, and we sustained the position on the authority of the previous decisions of this court. It is evident that the defendants neither waived their objections to the number of the jury, nor entered their consent of record; for, as soon as

the matter was brought to their attention, they demanded a constitutional jury, which the court refused to accord to them.

We cannot refrain from censuring the course which made it necessary to bring this case here. Before the jury was empannelled, or sworn to try the case, the defendants insisted upon a legal jury; how easy would it have been for the court to have complied with their request and avoided all difficulty. As it is, we are compelled to reverse the case, when at the same time it appears that the verdict was well warranted by the evidence.

Reversed and remanded. The other judges concur.