## Henry Van Sickle v. Mary E. Kellogg.

*Justices' Courts : Demand for Jury.* Where a party to a suit before a Justice of the Peace has failed to demand a jury after the joining of the issue and before an adjournment of the case, but calls for one on the adjourned day, and the opposite party objects, it is competent for the Justice to order a jury to be summoned for the trial of the cause.

The neglect to demand a jury within the time prescribed by law is a waiver only of the right ; it does not deprive the Justice of the power to order a jury in his discretion.

The power which the Circuit Courts exercise to permit a jury trial when it has been waived by the parties is among the powers conferred on Justices of the Peace in the grant of " all such powers for the purpose of exercising jurisdiction as are usual in Courts of Record except the power of setting aside a a verdict and arresting judgment thereon."

*Heard May 12. Decided July 12.*

Error to Oakland Circuit.

This was an action brought into the Circuit Court for the County of Oakland by general and special appeal from the judgment of James S. Dewey, Esq., one of the Justices of the Peace for that County. The ground of the special appeal was that the Justice, after issue joined and an adjournment, had granted the motion of the plaintiff and ordered a trial of the cause by a jury. The special appeal was disallowed in the Circuit Court and after trial and

judgment for the plaintiff below upon the general appeal, the defendant below brings the case into this Court by writ of error.

*W. B. Jackson,* for Plaintiff in error.

The demand in this case was not made until after issue joined and after the cause was adjourned, when the parties appeared upon the adjourned day for trial. It was then too late, and the party had waived her right to the same.— *2 Comp. Laws, page 1,065, § 3,756 ; Dempsey v. Page, 4 E. D. Smith, N. Y. p. 219; Gale v. Barnes, 1 Cowen, page 235.*

The Constitution of this State, Article 6, Section 27, provides, " that the right to trial by jury shall remain, but in all civil cases, shall be deemed to be waived unless demanded by one of the parties in such manner as shall be prescribed by law." If a party voluntarily abstains from demanding the right to trial by jury, in a given case, at the time and in the manner prescribed by law, we think it may be judicially held that it is waived. " Hence the statute enacting that such act shall be regarded a waiver, is valid."—*8 Ind. p. 218.*

" The right of trial by jury is not an attribute, or inalienable in its nature and character, but rather a PRIVILEGE, which may be waived or forfeited.— *Wright, Justice— Wilkins vs Traynor 14 Iowa. p 393 ; Hogan v. Sherman, 5 Mich. p. 60 ; Hill v. The People, 16 Mich. p. 357 S. P ; 15 Mich. p. 325.*

C. & C. S. Draper, for defendant in error—Cite *Wheeler v. City of Chicago, 24, Ill. 105 ; Bonner v. City of Chicago, 24, Ill. 105 ; Parks v. Goodwin, 1 Doug. Mich. 56 ; Rawson v. Parsons, 6 Mich. 401 ; People v. Allen, late Sheriff of Ontario, 6 Wend. 486 ; Doll v. Anderson, 27 Cal. 248.*

COOLEY, CH. J.

The principal question in this case is, whether, where a party to a suit before a Justice of the Peace, has failed to demand a jury after the joining of issue and before an adjournment of the case, but calls for one on the adjourned day and the Court permits one to be summoned against the objection of the opposite party, a trial of the case by this jury is such a mis-trial as would require the Circuit Court to reverse, on special appeal, the judgment rendered on their verdict.

The Constitution, Article VI §27, provides that "The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties in such manner as shall be prescribed by law." The statutory provisions respecting the demand for a jury trial in Justices Courts are as follows:" After an issue of fact joined, and before the first adjournment and before the Justice shall proceed to an investigation of the merits of the cause by an examination of a witness, or the hearing of any other testimony, either of the parties or the Attorney of either of them, may demand of the Justice that the cause be tried by a jury and pay to the Justice the lawful fees of the jurors."—*Comp. L.* §3,755. "Either party who shall not, at the time of joining issue in any cause, and before the same shall be adjourned, require a trial of such cause by jury, shall be deemed to have waived the same."—*Comp. L.* §3,756.

It will be seen by an examination of the constitutional provision, that what the party waives by a failure to make such demand as shall be prescribed by a law, is that absolute and unqualified right to a trial by jury which the Constitution secures to him when the demand is made, and which is dependent on the will or discretion of no other person and cannot be taken away from him. The Constitution does not in terms prohibit a trial by jury in case the

statutory demand is not made, or employ any words which
indicate an intent that, in such a contingency, the trial
must be by the Court; but the provision is limited· to a
negation of the right in a party who has failed to make
the demand to insist upon such a trial afterwards.   And
the question remains whether the Justice may not in his
discretion, notwithstanding a failure to make the demand,
allow the party a jury trial, or whether, if he does so, the
opposite party can complain of such trial as a legal injury

The right of trial by jury in all cases proceeding after
the course of the Common law, has always been deemed an
important privilege, of which the party was not to be de-
prived without his ··onsent even by legislative enactment.
Indeed in criminal trials the party himself was not allowed
to waive it, and his consent that the Judge alone should
adjudicate his case, was absolutely void in law.   The con-
stitutional principle which underlies the right is one to
which the people governed by the Common law have clung
with, perhaps, more tenacity than to any other, and they
have justly regarded it as not preserving simply one form
of investigating the facts in preference to another, where
both would have attained· the same result, but as securing
the mode of trial which was best calculated to ensure a
just result and to secure the citizens against the usurpa-
tion of authority and against arbitrary or prejudiced action
on the   part of single individuals, who chanced to be
possessed of judicial power.

The constitutional provision we have quoted introduces
a change in this particular, but ıt is very obvious that its
purpose, as well as that of the statutory enactments based
upon it, was only to allow parties by their voluntary con-
sent, to submit their causes to the decision of single magis-
trates.   The party's consent is to be had, either expressly
or by an equivalent implication, in every case in which

jury trial was before a matter of right; and so long as the privilege was regarded in law as a valuable one, we can hardly be at liberty to look upon any provision of law respecting it as one designed to absolutely debar the privilege on the first opportunity when, on technical grounds, the party could be considered in default in his demand.

In the Circuit Courts under the same provision of the constitution, power is reserved to the Courts to order a jury, whether demanded by the parties or not, in all actions of tort, and in all other actions the subject matters whereof are, in the opinion of the Court, peculiarly proper for the consideration of a jury. *Laws of 1859, p. 150.* No one, we presume, has ever supposed that the constitution was violated, or the parties wronged by conferring this power upon the Court, or by the Court exercising it; and yet if the constitution of its own force absolutely debars the party of his right to a jury trial, in every case where he has failed to demand it in the manner prescribed by law, and requires a trial by the Court in such cases, it is apparent that no power can be conferred upon the Court to give a trial by jury. A legislative permission to the Court to order a trial by jury, where in its judgment it considers such a trial most proper, may be as reasonably regarded as inconsistent with the constitution, as a power in the Court in its discretion to permit a party to call a jury after a failure to make the statutory demand. If either is a violation of the constitution, it must be because that instrument by implication forbids a jury trial where the demand is not made in season; and if either is inadmissible on this ground, both must be.

I assume, however, that the power thus undertaken to be conferred upon the Circuit Courts is unquestionably constitutional, both because it has never been questioned, and because it seems to me quite in harmony with the real purpose of the constitutional provision. Indeed it does not

appear to me that any statutory provision would be requisite to confer upon the Circuit Courts the power to order a jury trial in any case where it was before admissible, if the power was left to depend upon the constitution, and there was no provision of statute apparently inconsistent. The constitution deprives the party of the right to insist upon it, but does not preclude the Courts from allowing or ordering it.

The chapter in the Compiled Laws regarding Courts held by Justices of the Peace provides that "each of said Courts is hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter as are usual in Courts of Record, except the power of setting aside a verdict and arresting judgment thereon." That the power to permit a jury trial is usual with Courts of Record cannot be disputed, and as in the Circuit Court the right to demand a jury trial is only lost by a party on failure to make a demand in the manner prescribed by the rules of Court, (Laws of 1859, p. 150,) the Court would undoubtedly, I think, have power in its discretion to relieve against a technical failure to comply with the rules in making his demand, even if the Court saw no reason, in the nature of the case, why a jury trial should be ordered. But when by statute, the Courts of Record of the State which exercise a common law jurisdiction are expressly empowered to order a jury in their discretion in any case, the power must certainly, I think, be regarded as "usual in Courts of Record," and consequently possessed by the Courts of Justices of the Peace.

I am therefore of opinion that no error appears in this record.

Whether, if the proceeding complained of were erroneous, it was one to be taken advantage of on special appeal, is one upon which no opinion is expressed.

The Judgment of the Circuit Court should be affirmed with costs.

CAMPBELL and CHRISTIANCY JJ. concurred.

GRAVES, J.

I agree with the Chief Justice in the result reached by him, and I concur in most of the reasoning he has employed.

I do not deem it necessary, however, to the decision of the case to consider the scope or meaning of the provision in the Justices' Act quoted by him, and which relates to the general powers of Courts held by Justices of the Peace, and I therefore reserve my opinion upon that subject.