# CASES

## ARGUED AND DETERMINED

# ST. LOUIS COURT OF APPEALS.

## OCTOBER TERM, 1877.

---

IRA BROWN, Respondent, *v.* HOME SAVINGS-BANK, Appellant.

### December 18, 1877.

1. A court of equity has no jurisdiction to appoint a receiver for a corporation, since such action would work an amotion of the officers and a dissolution of the corporation, and equity cannot accomplish indirectly what it has no power to do directly.

2. Where a jury is not demanded on either side, and the cause proceeds to trial before the court without objection, the fact that the parties had a right of trial by jury is not a ground for reversal where the point was not made below, at least by motion in arrest.

3. Where a petition states, consecutively and in connected form, a good legal ground of action, it does not become a bill in equity merely because the prayer improperly asks for equitable relief, but that part of the petition relating to the remedy, if separately stated, should be rejected as surplusage.

4. Where it is apparent from the record that the facts are all before the appellate court, and that there is nothing more to try, the cause will not be remanded when reversed, but final judgment will be entered by the appellate court.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment.*

1

E. W. Pattison, for appellant : A court of equity cannot appoint a receiver for a corporation. — *Bayless* v. *Orne*, 1 Freem. Ch. 161 ; *Folger* v. *Columbian Ins. Co.*, 99 Mass. 274 ; *Neall* v. *Hill*, 16 Cal. 145 ; *Slee* v. *Bloom*, 5 Johns. Ch. 380, 381 ; *Fountain Ferry Co.* v. *Jewell*, 8 B. Mon. 142.

Chandler & Young, for respondent : A court of equity may appoint a receiver for a corporation without a judgment at law having been first obtained. — *Pendleton* v. *Perkins*, 49 Mo. 565 ; *Haggerty* v. *Pittman*, 1 Paige, 298. The appointment of a receiver is an equitable execution to collect a judgment. — 2 Story's Eq. Jur., sec. 829 ; *Demply* v. *Klinesmith*, 11 Wall. 610 ; *Berry* v. *Abbott*, 100 Mass. 396. If the court holds that plaintiff has not established a right to his equitable remedy, that is no ground for finding against him on his legal claim. — *New York Ice Co.* v. *New York Ins. Co.*, 23 N. Y. 357 ; *Graves* v. *Spier*, 58 Barb. 349 ; *McNeady* v. *Hyde*, 47 Cal. 481 ; *Sternberger* v. *McGovern*, 56 N. Y. 12 ; 15 Abb. Pr. (N. s.) 257, 271.

Bakewell, J., delivered the opinion of the court.

The petition in this case sets out the incorporation of defendant as a banking corporation, having its chief place of business in St. Louis, and alleges that, at a date named, plaintiff and defendant, having had mutual dealings, accounted between themselves, and, on settlement, it was found that defendant owed plaintiff $670, which defendant then and there agreed and promised to pay plaintiff, and which plaintiff then and there agreed to accept and receive in full discharge of defendant's indebtedness to him, and which sum plaintiff says is still due, with interest. Plaintiff further avers that defendant is insolvent ; that it has closed its offices ; that its officers have abandoned their trust ; and that its books and accounts cannot be found or inspected by its creditors, and that its assets are being wasted. The petition concludes with a prayer for judg-

ment for the amount claimed, and for the appointment of a receiver. The answer is a general denial, except that the incorporation of defendant is admitted.

The bill of exceptions sets forth that the testimony showed an accounting had, and that defendant admitted its indebtedness to plaintiff in the sum claimed. The testimony of witnesses on either side, as to the other allegations in the petition, is then set forth in full. There was no objection on the part of plaintiff to evidence, and no demurrer or motion of any sort to reform the pleadings. The court made a decree in accordance with the prayer of the petition. The decree begins by stating that the parties came by counsel, and " thereupon the cause came on to be heard upon the petition, answer, and proofs, and was argued by counsel ; on consideration whereof, the court doth find that the equity of the case is with the plaintiff, and that the plaintiff recover," etc. The defendant then moved for a new trial, and in arrest of judgment. These motions allege that the petition does not set forth facts sufficient to constitute a cause of action ; that there is no equity in the petition ; that the court has no jurisdiction to appoint a receiver of a corporation ; and that the decree is against the law and the evidence. These motions were overruled. On appeal to this court, we held that the court had no jurisdiction to appoint a receiver, but that plaintiff was entitled to a judgment at law ; and, accordingly, we reversed the judgment, and entered judgment for plaintiff here. Afterwards, we entertained some doubt as to the propriety of our action in entering final judgment here ; and, on the suggestion of defendant that by this action he was deprived of a trial by jury, we ordered a rehearing on this point.

This case seems to have been treated as a proceeding in equity at the time of the trial, both by court and counsel. If it was a proceeding in equity, there was a misjoinder of causes of action in the same count ; and this,

objection was not waived by failing to demur, and would have been fatal if raised on motion in arrest. The point, however, was not made. *Henderson* v. *Dickey*, 50 Mo. 166; *Gray* v. *Payne*, 43 Mo. 204.

We think, however, that this is a proceeding at law, and that there is no misjoinder. There is only one cause of action, namely, the indebtedness of defendant to plaintiff. The enforcement of his claim and the removal of obstacles to its collection, by the appointment of a receiver, is the relief sought; that is equitable. But the asking of an equitable remedy to which one is not entitled does not make an action essentially legal a proceeding in equity. *McClurg* v. *Phillips*, 49 Mo. 315. Where the facts are sufficiently stated in the petition, the plaintiff may have such a judgment as the facts stated entitle him to, though in the prayer he asks a different relief. *Miltenberger* v. *Morrison*, 39 Mo. 71. Here the plaintiff states facts sufficient to entitle him to a judgment at law. He asks for a judgment for the amount claimed. He also asks for a relief to which he was not entitled. This might have been stricken out, on motion; but it was suffered to stand, and should have been disregarded. Where a legal claim and an equitable claim are blended in the same count, the court will not sift the petition narrowly, to see whether or not a good cause of action can be made out, either at law or equity, by rejecting all the rest as surplusage; but the petition will be held, on demurrer or motion in arrest, to contain no cause of action which the court will recognize. But where, as in the case at bar, a cause of action is so clearly stated as to be plainly and sufficiently made out, the other matter (and especially if that matter be merely the prayer for relief) will be rejected as surplusage. *Peyton* v. *Rose*, 41 Mo. 260.

If this had been a case in which a legal and equitable claim were erroneously blended in one count, and defendant had chosen neither to demur nor to move in arrest, but to let plaintiff proceed in his erroneous way, and the proceed-

ing had been treated as a bill in equity by the court, and no jury demanded for that reason, there being no separate count raising an issue at law to be submitted to a jury, it would seem that defendant waived nothing, could not be expected to ask for a jury, and, on the reversal of the judgment upon which he had counted with well-founded confidence, he would be entitled to have the cause remanded, that he might have a jury to try the issue of fact upon which the court had, on that theory, improperly passed. But, as the case stands, this being substantially an action at law, and the cause of action being sufficiently stated to support a verdict, the only question is whether a jury was waived. If not, the defendant has a constitutional right to a jury trial, and the cause must be remanded.

In *Scott* v. *Russell*, 39 Mo. 407, *Vaughn* v. *Scade*, 30 Mo. 604, and *Brown* v. *Hannibal and St. Joseph Railroad Company*, 37 Mo. 298, it is held that, where a cause is tried by a jury of less than twelve men, the consent, when given, should be entered of record; and that, unless entered of record, the defect is not considered waived. But if the trial proceeds with a less number, and no exception is taken on that ground, the losing party cannot avail himself of the error, except by motion in arrest of judgment. In a later case (*Bruner* v. *Marcum*, 50 Mo. 406) the Supreme Court holds that any record entry by which it clearly appears that the parties appeared and submitted their cause to the court is to be taken as a waiver of the right to demand a jury. See also *Jones* v. *Moore*, 47 Mo. 417. The entry of judgment in this case does not recite a submission to the court, and no waiver sufficiently appears of record; but the defendant, not having assigned this as a ground for arresting the judgment, cannot avail himself of it here.

It appearing that this was a case containing all the substantial elements of an action at law, and that defendant, by not raising the question below, must be held to have waived his right to a trial by jury of any issue of fact; and

it being stated in the record, not merely that plaintiff introduced evidence tending to prove his claim, but that he actually proved it; it would seem to follow that it was our duty to enter here such a judgment as should have been entered below, and that there can be no reason to remand the cause, the facts upon which to base a judgment being sufficiently before us.

It is insisted, however, that this proceeding was treated by the trial court, however erroneously, as a proceeding in equity; that this being so, the defendant could not be required to demand a jury; that, on the erroneous theory on which the cause was tried, and for which defendant is not responsible, the cause was necessarily submitted to the court without any consent on his part; and that he may justly claim to be surprised, and to be deprived, without his fault, of his day in court, when the decree of the court below is reversed for the error of treating this as an equitable proceeding, and the cause is not at the same time remanded for new trial as an action at law.   It may be said that perhaps defendant, considering that he could not be prejudiced by a mode of trial clearly erroneous, omitted to introduce some defence which he has, relying upon an opportunity to do so after a reversal of the erroneous judgment; that, if plaintiff has erroneously so framed his petition that it may readily be mistaken for a bill in equity, though really an action at law, and that it was so treated by the trial court, the defendant is not to suffer if he chose to regard the proceeding as it was regarded by the trial court and by the opposite side, rather than as it turns out, on careful consideration, to be in fact; and, finally, that whether this be a bill in equity or not, it was so treated on the trial, and the error is one for which plaintiff alone is responsible, and which should not be allowed to bar defendant of any possible right.   We think, however, that it was the duty of defendant to save his point, to make an effort to have the pleadings reformed by striking out the surplus

matter, or otherwise, and to assign in motion in arrest the ground for reversal which he now urges here. Not having done so, he must be held to have waived it, and we are not justified in remanding the cause on the theory that defendant may possibly have some defence which, on a new trial, he might successfully interpose to the merits, but which he did not choose to introduce on the trial. That he was deprived of a trial by jury is manifestly an after-thought, since it was not alleged in the motion in arrest. That the petition in the cause sufficiently disclosed a good legal ground of action, and that not by allegations dispersed piecemeal through a bill in equity, but consecutively, in a connected form, is a matter of which defendant was bound to take notice, and to which the attention of the trial court should have been explicitly called, at least in the motion in arrest. We see no escape from the conclusion that, after we had disposed of the question as to the character of relief warranted by the pleadings and evidence, there was nothing left to try, and that no reason was apparent for remanding the cause. This being so, it was proper to enter final judgment here, and we see no sufficient ground for reversing our action.

The judgment rendered in the case in this court will, therefore, not be disturbed. All the judges concur.