THE BOARD OF COUNTY COMMISSIONERS OF CLOUD COUNTY *et al.* v. A. MORGAN.

No. 273.

1. INSTRUCTIONS—*Boundary Line of Highway.* The issue in this case, tried by the court and a jury, was as to the true boundary line of a highway. Plaintiffs in error asked the court to instruct the jury that the immediate line over which the chain was carried is presumed to be the center of the highway. The court refused to so instruct the jury. *Held*, Not to be error.

2. ———— *Weight of Evidence—Testimony of Viewers.* Plaintiffs in error likewise asked the court to instruct the jury that the testimony of the viewers as to the boundary of the highway should be given greater weight by them than the testimony of other witnesses who had knowledge of the facts. The court refused to so instruct. *Held*, Not to be error.

3. ———— *General Knowledge—Conduct, etc., of Parties.* The court in part instructed the jury that they should take into consideration all the evidence, the conduct of the parties in relation to the facts at the time they occurred, their several claims and

admissions, if any were made, and that they might likewise bring to their aid such knowledge and experience as they possessed in common with mankind in general. *Held*, Not to be error.

4. POWER OF COURT— *Withdrawal of Juror.* A trial court has no authority in law to withdraw a juror during the progress of the trial and continue the trial with the remaining eleven jurors without the consent of all the parties.

Error from Cloud district court; F. W. STURGES, judge. Opinion filed March 5, 1898. Affirmed.

*L. J. Crans*, and *A. L. Wilmoth*, for plaintiffs in error.

*J. W. Sheafor*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: The defendant in error sought in this case, in the court below, to enjoin the plaintiffs in error from tearing down his fence under a claim that it was located in a highway, when in fact it was not. A jury was called and certain questions of fact submitted to them. The only question at issue was as indicated above : Was the fence set in any part of the highway as located by the board of county commissioners ?

At the time the road was laid out by the viewers appointed by the board and the surveyor, the line of the road was not marked by any stones or other monuments. The jury answered the findings submitted, some of which were immaterial to this issue. The contention was fairly submitted by the court in the questions propounded by it. The other special findings submitted by the parties were largely as to matters collateral to the main issue. The case being one in which a jury was not required but in which the court might take the advice of the jury, it was not bound thereby. However, the court did adopt the

findings of the jury as to the main fact in the case, the pivotal question.

The first assignment of error is that the court refused certain requests for instructions in behalf of the plaintiffs in error. These requests were utterly inapplicable to the case, not being directed at all to the issue made by the pleadings and tried by the court. This probably does not apply strictly to the fifth, sixth and seventh requests.

By the fifth request counsel asked the court to say to the jury, that the particular line over which the chain was carried by the surveyor is presumed as a matter of law to be the center of the road, unless the viewers otherwise intended and so designate by their report. This rule can only be established by statute, and we know of no such statute.

1. No presumption as to where chain was carried.

The sixth request is practically the same.

By the seventh request counsel asked the court to say that the testimony of the viewers as to the exact location of the road upon the ground should be given greater weight than the testimony of other witnesses. There is no rule of law that requires a jury in determining the facts of a case to discriminate between witnesses on account of the official position that some may hold.

2. Viewers' testimony.

The second assignment of error is that the court erred in certain of its instructions given to the jury. The fifth paragraph of the court's instructions, which is set out in the assignment, is a statement of what the contention between the parties was, and clearly states their contention.

The sixth paragraph of the court's instructions, which is also set out in the assignment, simply de-

3. Instruction sustained.

clares to the jury that in determining the fact they must take into consideration all the evidence, the conduct of the parties in relation to the facts at the time they occurred, their several claims and admissions, if any, and that they might likewise bring to their aid the knowledge and experience which they have in common with mankind. There is nothing erroneous in this.

The third assignment of error is that the court refused to withdraw a juror on account of some remarks

4. Court cannot dismiss one juror.

that the defendant claimed the juror had made in the course of the trial. There was no error in this. The court had no authority to withdraw or permit either party to withdraw a juror and proceed with the trial with eleven jurors.

The fourth assignment of error is that the court erred in overruling the motion of the defendants to set aside the findings of the jury. The grounds of the motion are as follows : (1) They are inconsistent, contradictory, and impossible ; (2) they are contrary to the law ; (3) they are contrary to the evidence.

There is nothing inconsistent in the findings of the jury. They all tend to support the contention of the plaintiff below that the fence did not occupy or enclose any part of the highway. Many of them are immaterial. They are supported by the evidence. It is true the evidence is contradictory and the jury might have found to the contrary. Being supported by the evidence, we cannot see that they are contrary to law.

The fifth specification of error is that the court found for the plaintiff. The finding of the court is fortified by the finding of the jury ; it is justified by the evidence.

The sixth specification of error is that the court erred in overruling the motion of the defendants for a new trial. There was no material error in the proceedings of the court upon which to base the application for a new trial. Hence, it was not error to overrule it.

The seventh specification of error is that the court erred in rendering judgment in favor of the plaintiff. The judgment is justified by the findings of the jury and the findings of the court, and, as we have heretofore said, they are both sustained by sufficient evidence. It was a single question of fact : Did the plaintiff's fence occupy or enclose any part of the highway? If it did, the defendants were justified in abating it ; if it did not, they were not justified, and the plaintiff had a right to maintain his petition to enjoin them therefrom. The court and the jury found in his favor. This result was reached by a fair trial of the fact. The instructions of the court were confined to the issue and fairly presented the law of the case to the jury.

The judgment is affirmed.