## RAIBLE et al. v. YAWMAN et al.

No. 14381—Opinion Filed Nov. 6, 1923.

### 1. Jury — Trial to Jury of Eleven — Consent of Parties.

Where, in the trial of a cause, after a jury of twelve has been empaneled, and before any testimony has been taken, one juror is excused because of sickness, by consent of all parties to the action, noted of record in the trial of the cause, and a trial is had to the remaining eleven jurors, the party against whom the verdict is returned cannot be heard to complain that the cause was tried to eleven jurors, notwithstanding the constitutional provisions that "a jury shall consist of twelve men."

### 2. Appeal and Error — Time to Object — Form of Verdict.

The proper time to object to the form of a verdict is at the time when the verdict is returned into court, and where no objection is made at that time, and no exception is reserved to the form of the verdict, and it is apparent from an examination of the record that the party against whom the verdict is returned is in no wise prejudiced because the verdict is not in strict legal form, the appellate court will refuse to find reversible error.

### 3. Affirmance of Judgment.

Record examined, and held, that there appears no error therein sufficiently prejudicial to the rights of the plaintiff in error as to require a reversal of the judgment appealed from; and that the judgment should be affirmed.

(Syllabus by Shackelford C.)

Commissioners' Opinion, Division No. 4.

Error from District Court. Ottawa County; S. C. Fullerton, Judge.

Action by Amelia Yawman against Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company, and John Daniels, for damages growing out of a collision of automobiles, occasioned by the negligent driving of automobile trucks owned by the respective defendants. Judgment for plaintiff against Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company, and they appeal. Affirmed.

Geo. T. Webster and E. B. Morgan, for plaintiffs in error.

Louis N. Stivers and F. W. Nesbitt, for defendants in error.

Opinion by SHACKELFORD, C. For convenience, the parties will be referred to as

plaintiff and defendants, as they appeared in the trial court.

The plaintiff commenced this action in the district court of Ottawa county, on the 26th of September, 1921. She charges, in effect, that she was the innocent victim of negligent driving of the respective automobile trucks of the two defendants. That by reason of the negligent manner in which the two trucks were driven, they collided in proximity to her and that she was struck and injured, resulting in damages to her. In response to a motion to make her petition more definite and certain, she filed an amended petition upon which the cause was tried.

. On the 8th of December, 1921, the defendant John Daniels filed his separate answer, in effect a general denial, and for further defense placed the blame for the collision upon the defendants Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company. At the time of the trial it seemed that the answer of Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company, had either not been filed, or had been lost from the files, and their answer was treated as a general denial.

The cause was tried to a jury on the 25th of October, 1922, resulting in a judgment for the plaintiff in the sum of $700 against Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company. The verdict of the jury was in favor of the defendant John Daniels. The defendants Joe Raible and Harry Raible doing business under the name of Raible Bros. Candy Company, prosecute this appeal as against Amelia Yawman, plaintiff, and against John Daniels, their codefendant in the trial court.

The defendants Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company, make two assignments of error which they urge as constituting grounds for reversal of the judgment of the trial court. First, they insist that since the cause was tried to a jury of 11, when they were entitled to a trial by a jury of 12, the judgment cannot stand. Second, they urge that the verdict was returned against Joe Raible and Harry Raible, instead of being returned against Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company, and that therefore the judgment cannot stand.

It appears from the record that, upon the calling of the case, 12 jurors were duly empaneled for the trial; and that before the taking of any testimony the court recessed for the noon hour, and during the noon hour one of the jurors complained

to the trial judge that he was unable to sit on the jury because of sickness. The judge excused him from further attendance upon the session of court for that day, forgetting for the time being that he was one of the panel duly sworn to try this case. Upon convening court after the noon recess, and it being called to the court's attention that he had excused one of the jurors, the court caused said juror to be recalled and he announced in open court that he was sick and unable to sit as a juror, and the proceedings in the trial court and also in the minutes kept by the clerk show that the plaintiff and both of the defendants agreed that the juror might be excused from sitting in the case, and waived their rights to a trial by 12 jurors and expressly agreed and consented that the cause might be submitted to the 11 remaining jurors. No exception was reserved by the defendants Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company, to the proceeding, and trial to 11 jurors; and the question was not expressly raised by assignment of error in their motion for a new trial. and the question is urged here for the first time that no legal proceeding could be had before a jury of 11, notwithstanding the waiver made by the parties at the time, and duly noted in the minutes kept by the clerk.

When the waiver was expressly made before the taking of any testimony, and the agreement entered to try the cause to the 11 remaining jurors, it was expressly agreed and understood by all of the parties that the court should direct the jury that it would require not less than nine of their number consenting to a verdict.

Our attention is expressly called to the provision of the Constitution providing that in the trial of civil and criminal cases in courts of record other than county courts "a jury shall consist of twelve men," but our attention is not called to any case where it has been held that a trial cannot be legally had to a jury consisting of a lesser number, when all the parties expressly agree thereto and waive their right to a trial by a jury of 12. We have been unable to find any case where this precise question has been passed upon by this court. It appears, however, that while there are authorities to the contrary, the weight of authority is in favor of the idea that by express agreement of all the parties concerned a cause may be tried to a jury of a less number than 12.

In Flint River Steamboat Co. v. Foster, 5 Ga. 194, it was in effect held that if the defendant has a right to demand a full jury, and does not do so, the fault is his own,

and he cannot afterwards be heard to complain.

In Swart v. Kimball, 43 Mich. 443, it was held that the failure to demand a full jury of 12 is a voluntary waiver of the constitutional right to a jury of 12 in civil cases, as pointed out by the Legislature under the Constitution, although it was the intention of the Constitution to preserve to parties the right to have a jury in all cases where the right existed.

In Tram Lbr. Co. v. Hancock, 70 Tex. 312, it was held that where it was shown that after the jury were empaneled, one was excused on account of sickness, with the consent of all the parties, the appellate court would refuse to find any error.

In Cravens v. Gant, 2 T. B. Mon. (Ky.) 117, in an action for deceit in the sale of mules, it was held to be not error in a verdict by 11 men, as the parties had assented to try the case by 11 jurors only, after one had been withdrawn, although had there been no such assent the verdict would have been erroneous.

In Roach v. Blakey, 89 Va. 767, in an action in ejectment in which the record showed that the trial to 11 jurors was by consent of the parties in open court, it was held that the court would refuse to hear the defendant's claim that he was entitled to have 12 persons on the jury, as by consent he waived the right, and consented to a trial by 11 jurors.

In Board of Com'rs et al. v. Morgan (Kan.) 52 Pac. 896, it was held that the trial court has no authority in law to withdraw a juror during the progress of the trial and continue the trial with the remaining 11 jurors without the consent of all the parties.

In Durham v. Hudson, 4 Ind. 501, it was in effect held, that in actions in assumpsit, where the cause was tried to 11 jurors without objection on the part of the defendant, he will be held to have waived the irregularity, and such waiver cures the error.

In Van Sickle v. Kellogg, 19 Mich. 49, it was held that it must be shown there was an agreement or consent to have the action tried to a jury of less than 12.

In Brown v. Hannibal & St. J. Ry. Co., 37 Mo. 298, and in Scott v. Russell et al., 39 Mo. 407, it was held that if a jury of 12 in a civil action is not waived by consent of record, the judgment will be set aside.

In Bishop v. Mugler, 33 Kan. 145, the Kansas court held that consent is the only thing that will waive the verdict of a full jury.

In Newman v. Newman, 42 App. D. C. 588, it was held that a party to a proceeding to establish a boundary line, under Act of Congress of June 21, 1906, is estopped from raising the question whether the compensation for the land to be condemned should be ascertained by a common law jury, by proceeding before a jury of five without raising such question.

In Dalton v. The State, 6 Okla. Cr. 85, and in Wilkins v. State, 7 Okla. Cr. 422, it was held that although the Constitution guarantees to an individual charged with the commission of a crime the right to be tried by a jury of 12, yet if he went to trial with a jury of six without objection, it amounted to a waiver.

It is expressly provided that a jury trial may be waived and trial be had to the court. There seems to be no jurisdictional question in the matter of one juror of 12 being excused by consent of all the parties and the trial had to the remaining 11.

From these authorities, we conclude and so hold, that, notwithstanding the constitutional provision which provides that a jury in a court of record, other than county courts, "shall consist of twelve men," such jury may be waived by the express consent and waiver of all the parties to the action, and the cause tried to a less number.

Upon the second proposition, the objection is made to the form of the verdict in that it was as against "Joe Raible and Harry Raible," instead of against "Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company." An examination of the record discloses that upon the returning of the verdict, which is in form as follows, omitting the caption:

"We, the jury, empaneled and sworn in the above entitled action, do, upon our oaths find for the plaintiff and against the defendants Joe Raible and Harry Raible, and fix the amount of her recovery at $700, and find in favor of the defendant John Daniels"

—and signed by nine of the jurors, the attorney for the plaintiff and the attorneys for the respective defendants were all present in court, and waived the polling of the jury and made no objection whatever to the form of the verdict, and the same was received and filed and made part of the record in the case and the jury was discharged without any objection, whatever being entered by the defendants now complaining of the form of the verdict. Judgment was entered by the court upon the verdict against Joe Raible and Harry Rai-

ble, doing business as Raible Bros. Candy Company, in favor of the plaintiff, in the sum of $700, which judgment was excepted to by the said defendants Joe Raible and Harry Raible.

No objection was raised as to the form of the verdict at the time it was returned; no objection thereto was pointed out to the court at the time of entering judgment; and the attention of the court was not called thereto by any assignment of error in the motion for a new trial. We think it was the duty of Joe Raible and Harry Raible to make due objection to the form of the verdict if they were dissatisfied therewith, as to form, at the time same was returned. If such objection had been then made, before the jury were discharged, the verdict could have been properly reformed under the directions of the court, and, under the circumstances presented here, an exception saved to the rendition of the judgment was ineffectual to raise that particular question and the complaint made now comes too late.

There is no question raised as to the sufficiency of the evidence, and under the circumstances presented, if there was any error committed by the trial court in entering judgment against Joe Raible and Harry Raible, doing business as Raible Bros. Candy Company, upon the verdict returned by the jury, such error was harmless and not prejudicial to the defendants presenting this appeal.

From a careful examination of the record, we conclude that the defendants appealing here had a fair trial, and recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.