ROBERTS *et al.* v. CONVERSE.

No. 3818. Opinion Filed January 9, 1915.

(145 Pac. 774.)

1. **JUSTICES OF THE PEACE—Appeal—"Perfected Appeal"—Bond.** An appeal from the judgment of a justice of the peace is perfected upon the filing and approval of the appeal bond or undertaking within ten days from the rendition of the judgment, and when such bond, accompanied by a certified transcript of the justice's docket, together with the papers in the case, are duly transmitted to the appellate court, such court is vested with jurisdiction of the action.

2. **SAME—Cure of Irregularity.** Where an appeal bond gives the proper style of the case, the court from which the appeal is taken, and the court to which it is to be appealed, and is sufficient in amount, made payable to the necessary obligees, and otherwise in substantial compliance with the statutes, but omits the condition "that the appellant will prosecute his appeal to effect and without unnecessary delay," such omission is an irregularity which may be cured by amendment or by the substitution of a new bond in the appellate court.

(Syllabus by Harrison, C.)

*Error from County Court, Roger Mills County;*

*E. E. Tracy, Judge.*

Action brought by R. V. Converse in a justice of the peace court against C. C. Roberts, Jr., and another. From an order of the county court dismissing an appeal by defendants, they bring error. Reversed and remanded, with order to reinstate.

*T. L. Turner,* for plaintiffs in error.

*Moore & Mouser* and *T. L. Mitchell,* for defendant in error.

Opinion by HARRISON, C.  R. V. Converse recovered a judgment in the justice court against C. C. Roberts and Charles Watkins, who appealed to the county court. The county court held the appeal bond insufficient, refused to allow an amendment thereof, and dismissed the appeal. From such order the cause is brought here. The defect in the appeal bond in question was that it did not embody in specific language the condition "that appellant would prosecute his appeal to effect and without unnecessary delay." But it did give the proper style of the case, the court from which the appeal was taken, and the court to which it was to be appealed, was sufficient in amount, and made payable to the necessary obligees, and otherwise in substantial compliance with the statutes, and from the journal entry of the justice's docket it was filed and approved and duly transmitted to the clerk of the county court. Section 5466, Rev. Laws 1910, provides:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the first party with at least one good and sufficient surety, to be approved by such justice, in a sum of not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay; and, second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs."

Section 5467, *Id.,* provides:

"The appeal shall be complete upon the filing and approval of an undertaking or statement and affidavit. The justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the county, superior, or district court of his county, the said transcript, the undertaking on appeal, with the papers in the cause; all further proceedings before the justice of the peace in the cause shall cease and be stayed on the filing of the undertaking with said justice.  *  *  *"

Now, it will be observed that section 5467, *supra,* provides that:

"The appeal shall be complete upon the filing and approval of an undertaking or statement and affidavit."

The terms "statement and affidavit" relate to appeals taken by municipalities or in cases where a municipality is a party.

In *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989, it was said:

"An appeal from a judgment of a justice of the peace is perfected upon the filing and approval of the appeal bond or undertaking within ten days from the rendition of judgment, and when such bond, accompanied by a transcript of the justice of the peace, and all the papers in the case, is received by the county court, said court is thereupon vested with jurisdiction of the action."

In *Spaulding Mfg. Co. v. Roff,* 34 Okla. 309, 125 Pac. 727, *Harper v. Pierce,* 37 Okla. 457, 132 Pac. 667, 44 L. R. A. (N. S.) 1144, and *Roberts v. Converse,* 37 Okla. 169, 131 Pac. 539, it was held:

"The omission of the condition 'to prosecute the appeal to effect and without unnecessary delay,' from an appeal bond in a justice court, is a mere irregularity, and does not render the bond void. And, on motion in the county court to dismiss the appeal on account of such defect in the bond, the court, on motion of appellant, should permit an amended or substituted bond to be filed."

Upon the authority of this line of cases, the trial court erred in refusing to permit the amendment of the appeal bond or substitution of a new bond which might fully meet the requirements of statutes.

Hence the judgment should be reversed, and the cause remanded, with orders to reinstate the case upon execution and filing of a proper bond.

By the Court: It is so ordered.