## JABARA v. ELBINGER SHOE MFG. CO.

No. 13590—Opinion Filed March 11, 1924.

### 1. Sales — Action for Price of Merchandise —Contract—Instructions.

Where suit is brought for the price of merchandise delivered by a seller and received by a buyer, based upon an invoice purporting to have been signed by the buyer, and the receipt of the goods is admitted by the defendant, plaintiff's right to recover the purchase price is not dependent upon the proper execution and signing of the invoice as a contract of purchase; and the refusal of the trial court to instruct the jury that the burden of proof is upon the plaintiff to show by a fair preponderance of the evidence the due signing of the invoice as a contract of purchase is not error.

### 2. Same—Instruction on Defendant's Admissions.

Where suit is brought for the purchase price of merchandise, consisting of a lot of shoes, delivered by the plaintiff and received by the defendant, and the defendant in his answer admits having purchased and received the shoes, and exercises rights of ownership over them, it is not error for the trial court to say to the jury in his instructions that "the defendant admits that he ordered said shoes and that he received the same."

### 3. Appeal and Error—Questions of Fact— Verdict — Counterclaim in Action for Price of Goods.

Where suit is brought for the purchase price of goods sold and delivered to, and received by the defendant, and the defendant by way of set-off and counterclaim pleads a breach of warranty of the quality of the goods, and upon the trial of the cause a special interrogatory is propounded to the jury as to whether there was a breach of the warranty of quality of the goods, along with the general question based upon the issues being tried, and the general verdict returned is for plaintiff fixing the amount of his recovery, and the special interrogatory is answered in the negative, and there is evidence in the record reasonably supporting the verdict and special finding of the jury, the appellate court will not disturb the judgment based upon the verdict and special finding.

### 4. Appeal and Error—Time for Objections —Form of Verdict.

Timely objections should be made to the form of a verdict returned. The proper

time to object to the form of a verdict is at the time when the verdict is returned into court; and where no objection is made at that time, and no exception is reserved to the form of the verdict; and it is apparent from an examination of the record that the party against whom the verdict is returned is in no wise prejudiced because the verdict is not in strict legal form, the appellate court will refuse to find reversible error. Raible et al. v. Yawman et al., 93 Okla. 168, 220 Pac. 463.

5. **Judgment Sustained.**

Record examined and held, that no substantial error appears therein requiring a reversal of the judgment; and that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Elbinger Shoe Mfg. Company, a corporation, against S. Jabara. Judgment for plaintiff, and defendant brings error. Affirmed.

A. C. Markley, for plaintiff in error.

W. H. H. Clayton, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, Elbinger Shoe Mfg. Company, a corporation, filed its petition in the district court of Pittsburg county, Okla., on July 21, 1921, alleging that on May 19, 1920, by written contract, the plaintiff sold to defendant, S. Jabara, certain merchandise, consisting of shoes, described in said contract, which was in the form of an invoice; the price of said merchandise amounting to $411. That according to said contract defendant purchased said goods on terms of 30 days net, and was to pay eight per cent. interest after maturity; that said goods were shipped by plaintiff and received by defendant, who thereupon became liable to plaintiff in the sum of $411, with interest at the rate of eight per cent. per annum after the 23rd of July, 1920; but that defendant had never paid any part of the consideration for said merchandise. Plaintiff prayed judgment for $411 with interest at eight per cent. per annum from July 23, 1920. A copy of the invoice, bearing the signature of the defendant, is attached to plaintiff's petition.

The defendant filed answer and cross-petition. By his answer he denies that he ever signed the written order pleaded in plaintiff's petition, a copy of which is attached thereto. Further, defendant alleged that he consented to the shipment of said goods on the warranty that they were of high quality; said warranty being made to defendant by plaintiff's salesman, and afterwards by letter ratified by the plaintiff; and alleged that he sold four pair of said shoes which were returned as worthless, two pair of which were returned at once to the defendant, and by him returned to the plaintiff. For cross-petition defendant prays damages against the plaintiff in the total sum of $220 for the breach of warranty alleged in his answer.

For reply, plaintiff denied generally the allegations of defendant's answer and cross-petition, and alleged that defendant accepted all of the said shoes and sold a part thereof, and "is now estopped by his acts, conduct and pleading from rescinding said sale."

The cause was tried to a jury on the 9th of February, 1922, resulting in a verdict for plaintiff on which judgment was entered in the sum of $400.25, with interest at six per cent. per annum from September 15, 1920, until paid. From this judgment the defendant appeals to this court.

The defendant complains of the giving of court's instruction number two, and the court's refusal to give a certain instruction requested by the defendant. As to the requested instruction the complaint is that the court erred in refusing to give the jury his requested instruction as to proof of the contract sued upon. The defendant requested the court to instruct the jury that the suit was brought upon an alleged written contract, and that before the jury could find in favor of the plaintiff they must find from a preponderance of the evidence that said contract was signed and executed by the defendant. The refusal of the requested instruction was not error for two reasons. In the first place, an instruction that before a recovery could be had by plaintiff the jury must find from a preponderance of the evidence that the contract was signed by the defendant, would be erroneous, standing alone, for the reason that when the contract was introduced in evidence the burden then shifted to the defendant to establish the invalidity of the instrument. In the second place, the court did not err in refusing the requested instruction for the reason that in the answer of the defendant he admits that he received the shoes and sold four pair of them. This constituted an acceptance of the shoes, and eliminated any question of a rescission of the contract.

In 35 Cyc. 59, we find the following:

"b. Dealing with goods. If one sends

or delivers goods to another, under circumstances which indicate that a sale is intended, but no price is named, and the other uses or otherwise deals with them as his own, a sale for a reasonable price is implied. If the person sending or delivering the goods names a price, and the other deals with the goods as his own, a sale for the price named is implied. * * *"

Since plaintiff pleaded that said shoes were shipped to and received by defendant, and defendant, in his answer, admits that fact, whether the written contract was in fact executed was immaterial, and the court did not err in refusing to instruct the jury with reference to the contract. Nor was it error for the court to instruct the jury in the language used in instruction number two of which complaint is made. The language complained of is that "the defendant admits that he purchased said shoes and that he received the same." This language was justified by the defendant's own pleading.

The question as to the contract being eliminated, the cause resolved itself into a mere question of breach of warranty, and was submitted to the jury upon this theory. By the defendant's own testimony he admitted that he received the shipment of goods: that they were placed upon his shelves, and four pair of them were sold. This being true, he is estopped from denying that he accepted the order of merchandise; and is estopped from asserting that ownership of the goods was in the seller; and the case turns upon whether or not there was a breach of warranty upon the part of the plaintiff, and if so, the amount of defendant's damages.

Defendant's next complaint is that the verdict was contrary to the evidence. The jury returned a verdict for plaintiff for $411 and interest, less the value of the two pair of shoes sold by and afterwards returned to the defendant. It is contended that the jury should have returned a verdict for defendant's damages for loss of business as a result of the poor grade of merchandise. In any event, the evidence was conflicting, and was submitted to the jury under proper instructions of the court, and the findings of the jury upon such conflicting evidence will not be disturbed by this court.

Complaint is made that the court sustained a demurrer to defendant's evidence of loss of freight paid and storage charges. In doing this the court did not err. The defendant by his own admission accepted the order and sold part of the goods. He should, therefore, be treated and considered as the owner of the merchandise; and certainly would not be entitled to recover for

freight and storage on his own property.

Special interrogatories were submitted to the jury upon the question of the plaintiff's breach of warranty; the defendant's loss of customers by reason of the defective merchandise; and as to the defendant's damage by reason of loss of profits because he was unable to sell the particular shoes in controversy, all of which were answered contrary to the contention made by the defendant.

Defendant next complains that the verdict is contrary to law and void, because not in proper form. The verdict is as follows:

"We, the jury duly empaneled and sworn in the above entitled cause do upon our oaths find for the plaintiff and fix the amount of recovery at four hundred eleven ($411.00) dollars and interest at six (6) per cent. from maturity of invoice, less the value of two (2) pairs of shoes that proved defective."

The complaint of defendant is that the verdict is not sufficiently specific as to the amount of plaintiff's recovery. The defendant's objection to the verdict comes too late. No exception to the form of the verdict was reserved. In the journal entry of judgment appears the following:

"Whereupon the court called attention of counsel for both parties to the form of the verdict, to which there was no objection, the plaintiff having agreed in open court that the value of the two pairs of shoes that proved defective and mentioned in the above and foregoing verdict is the invoice price thereof as shown by the evidence, to wit: Five and 25-100 ($5.25) dollars for one pair, and five and 50-100 ($5.50) dollars for the other pair, making a total of ten and 75-100 ($10.75) dollars to be deducted."

It seems that no objection whatever was made by the defendant to the form of the verdict at the time it was returned. Timely objections should be made to the form of a verdict where a party is not satisfied with the form in which it is returned.

In Raible et al. v. Yawman et al., 93 Okla. 168, 220 Pac. 463, this court held:

"The proper time to object to the form of a verdict is at the time when the verdict is returned into court; and where no objection is made at that time, and no exception is reserved to the form of the verdict; and it is apparent from an examination of the record that the party against whom the verdict is returned is in no wise prejudiced because the verdict is not in strict legal form, the appellate court will refuse to find reversible error."

We see no reason why the court should not have rendered judgment on this verdict.

The verdict was sufficiently specific to enable the court to determine without any difficulty just what was intended by the jury.

A copy of the invoice was attached to the plaintiff's petition and put in evidence, showing the price of the shoes, and it was a mere matter of simple calculation for the court to determine the exact amount which the judgment should be for, based upon the verdict of the jury.

We have carefully examined all of the assignments of error in connection with the record here presented. and find no error prejudicial to the rights of the defendant requiring a reversal of the judgment.

It is therefore recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.