## COOK v. REDFIELD.

No. 13780—Opinion Filed Sept. 30, 1924.

1. **Executors and Administrators—Right of Action by Sole Devisee on Note Before Estate Closed.**

Where an executrix is the sole devisee of all of the property of her decedent, and among the assets of the estate is a note for $100 against C., who refused to pay same, and she brings suit in her individual name on said note, she is entitled to recover for same, notwithstanding the estate has not been finally administered and closed, where the evidence fails to show that there were debts of the estate, and that the note was subject to the debts of the estate.

2. **Appeal and Error—Harmless Error—Just Judgment.**

Where the right of the plaintiff to recover upon the undisputed facts is so apparent that the errors assigned if sustained could not have resulted in a miscarriage of justice, the judgment will be affirmed.

3. **Same—Lack of Defense—Objection to Parties.**

In this case there is no contention that the defendant does not owe the note, and the only defense interposed is that the plaintiff does not have legal capacity to sue. Held, that the payment to the plaintiff would be a complete acquittance to the defendant and that that is as far as he can inquire and the defense interposed is too technical and attenuated to amount to a defense to plaintiff's cause of action.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Carter County; M. F. Winfrey, County Judge.

Action by Mrs. D. Redfield against Frank Cook on a promissory note. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles A. Coakley and Thos. Norman, for plaintiff in error.

H. A. Hicks, for defendant in error.

Opinion by MAXEY, C. This case arose in a justice of the peace court in Ardmore, Okla., and there was judgment for the defendant, and plaintiff appealed to the county court, where the case was tried before the court, a jury having been waived, and the court found for the plaintiff, and defendant appeals.

There are two questions presented by the record. The first is that the court allowed the appeal bond to be amended after the case was lodged in the county court. We do not think that there is anything to this proposition. When the case is appealed and lodged in the appellate court, that court has jurisdiction to allow any amendment in the furtherance of justice, and the court in this case had a perfect right to allow the amendment that it did allow. Roberts v. Converse, 44 Okla. 552, 145 Pac. 774. The second proposition raised is that the court erred in overruling their motion for judgment on the testimony. Under this head plaintiff in error contends that the plaintiff did not have legal capacity to sue. The note in question was given to the husband of the plaintiff, and before his death he made a will devising and bequeathing all of his property, both real and personal, to his wife, the plaintiff herein, and making her executrix without bond, and the contention of plaintiff in error is that she should have sued as executrix, as the estate had not been closed. Just whether there were any debts against the estate is not shown, but the will shows the note belonged to the plaintiff, and she certainly had a right to sue on same, either in her individual capacity or as executrix. The Supreme Court of Kansas, in the case of Getty v. Larkin et al., 53 Pac. 755, quoting from the second syllabus, said:

"An administratrix, who takes notes in her individual name for property belonging to the estate, may maintain an action on the notes without describing herself as administratrix; and the fact that the money, when collected, will be assets of the estate in her hands, constitutes no defense to the action."

In Black v. Donelson, 79 Okla. 299, 193 Pac. 424, this court said:

"A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counter-claims available to him were the claim prosecuted by the real owner."

The purpose of this law is to conclude all parties. Mrs. Redfield is the owner of this subject to the payment of the debts of the estate, and there is no question but what a payment to her would conclude her and everyone else from maintaining an action on the same note.

In the case of Purdy et al. v. Miller Hunter Company, 94 Okla. 209, 221 Pac. 490, this court said:

"Where the right of the plaintiff to recover upon the undisputed facts is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed."

The judgment of the trial court should be in all things affirmed.

. Defendant in error has asked in her brief that in case the judgment of the lower court is affirmed, that the defendant in error have judgment on the supersedeas bond, which is a part of the record in the case. The judgment in the trial court for the defendant in error was in the sum of $100, with interest thereon at the rate of ten per cent. per annum from the first day of September, 1919, and provided for an attorney's fee of ten per cent. of the amount in case the note was placed in the hands of an attorney, and for costs. G. W. Rollins and W. R. Roberts appear as the sureties on said supersedeas bond. Judgment will, therefore, be entered in this court against G. W. Rollins and W. R. Roberts, sureties on the supersereas' bond, for the sum of $100, with interest at the rate of ten per cent. per annum from the 1st day of September, 1919, until paid, and the further sum of ten per cent, on the amount of said note as attorney's fees and for costs. The attorneys for plaintiff in error will prepare the journal entry for the clerk of this court.

By the Court: It is so ordered.