## OKMULGEE PRODUCING & REFINING CO. v. BROWN, Trustee.

No. 14834—Opinion Filed April 7, 1925.

1. **Parties—Party in Interest—Denial by Answer.**

Whilst every action must be prosecuted in the name of the real party in interest, that question constitutes new matter and should be raised by answer when such defect does not appear on the face of the pleadings.

2. **Appeal and Error—Sufficiency of Evidence—Damages for Failure to Deliver Gas Oil to Buyer.**

Record examined, and held. that the purchase orders in controversy constituted one contract assigned to plaintiff with consent of defendant, and that the judgment for damages is supported by sufficient quantum of evidence. and is without error.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the Western Petroleum Company of New York, a corporation, B. W. B. Brown. its trustee in bankruptcy thereafter substituted, against Okmulgee Producing & Refining Company, a corporation, in damages for breach of contract to deliver gas oil. Judgment for plaintiff. Defendant appeals. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

J. Wood Glass and West, Sherman, Davidson & Moore, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. On April 30, 1917, Western Petroleum Company of Illinois sent its purchase order to defendant, Okmulgee Producing & Refining Company, for 2,000,000 gallons of gas oil of certain grade, at three cents per gallon, f. o. b. Okmulgee, Okla., in equal monthly installments, beginning as soon as cars could be set and extending to March 1, 1918, shipping orders to be furnished, bill of lading to accompany invoices. and containing other provisions. This order purports to have been signed thus: "Accepted, Okmulgee Produc-

ing & Refining Company, per F. Palmer, sales and traffic manager." Pursuant thereto, said defendant shipped a quantity of gas oil to Western Petroleum Company of Illinois. Thereafter, intending to assign said contract, the Western Petroleum Company of Illinois delivered same to Western Petroleum Company of New York. There was introduced in evidence, over objection, a purported copy of a letter from the Illinois company addressed to defendant, attention Mr. Palmer, advising that certain individuals of the Illinois company had formed the Western Petroleum Company of New York; that the former company desired to assign said contract for the purchase of said gas oil to the latter, eliminating the Illinois company from the transaction. Although defendant denied receiving this letter, same was properly admitted on the showing made. Thereafter, and on July 2, 1917, a duplicate purchase order was executed by the Western Petroleum Company of New York, practically identical with the one described above and purporting acceptance by defendant by the same described form of signature. Pursuant thereto, on shipping orders furnished by the New York company, defendant shipped a quantity of gas oil to the New York company. On October 25, 1917, defendant refused to make further shipments, although shipping orders and numerous demands were made by the New York company for further shipments under said contract. Thereafter, Western Petroleum Company of New York brought this action against defendant for breach of the contract for $30,000 as the excess value of 1,258,847 gallons of gas oil undelivered under the contract price of three cents per gallon. It is alleged that the two purchase orders constituted one contract, and that defendant consented to the assignment of the first purchase order from the Illinois to the New York company. Thereafter, and prior to the trial of the cause, Western Petroleum Company of New York was adjudged a bankrupt and B. W. B. Brown. its trustee in bankruptcy, was undertaken to be substituted as party plaintiff. The answer of defendant, in addition to general denial, was that the defendant signed neither of said purchase orders and that F. Palmer was unauthorized to act as its agent in making such purported contracts, denying execution of the contract and such agency under oath. Judgment on verdict was for plaintiff for $26,593.14 on May 1, 1923, from which defendant prosecutes error. The assignments of error are discussed in the propositions herein disposed of.

1. It is first argued that Brown, trustee in bankruptcy, acquired no title to this cause of action, since the record does not show that he qualified as trustee, although showing his appointment by the proper federal court; that, since title to property of a bankrupt passes to the trustee by operation of law without formal assignment, no title to the claim herein against defendant passed to Brown, trustee, because it is not shown that he qualified. "Want of capacity to sue" has reference only to some legal disability of the plaintiff, such as infancy, idiocy, or coverture. Bailey et al. v. Perry Mfg. Co., 59 Okla. 152, 158 Pac. 581. Since it does not appear on the face of the petition that plaintiff had no capacity to sue, it would be necessary for defendant to plead the same. We take it, the contention is that the trustee was not the real party in interest. Every action must be prosecuted in the name of the real party in interest, and the real party in interest is the person lawfully entitled to the proceeds of the claim in litigation. Section 209, Comp. St. 1921; Okmulgee Coal Co. v. Hinton et al., 95 Okla. 92, 218 Pac. 319. Plaintiff alleged that the Western Petroleum Company of New York, the original plaintiff in this cause, was duly adjudged a bankrupt by the proper federal court, and that plaintiff was duly appointed trustee in bankruptcy of said company. Thus, it does not appear on the face of the petition that plaintiff was not the real party in interest. Defendant could not have demurred on such ground. Defendant did not raise that question by answer. Such question may be raised by answer when such defect does not appear on the face of the pleadings, and when the question is thus raised by answer, it is not error to admit competent evidence to establish such allegations. Maxia v. Oklahoma Portland Cement Co., 74 Okla. 31, 176 Pac. 907. As stated in Pomeroy's Code Remedies, paragraph 587:

"The defense that plaintiff is not the real party in interest is new matter. A general averment, however, to that effect, is not enough; the facts must be stated which constitute the defense, and which show that he is not the real party in interest."

We deem it unnecessary to decide whether this court will presume that Brown qualified. The record does show his appointment by the proper federal court. While defendant was entitled to have the cause prosecuted against it by the real party in interest, its concern ends when a judgment for or against the nominal plaintiff would protect it from an action upon the

same demand by another, and when, as against the nominal plaintiff, it may assert all defenses and counterclaims available to it were the claim presented by the real owner. Black v. Donelson, 79 Okla. 269, 193 Pac. 424; Washington et al. v. Morton, 90 Okla. 142, 216 Pac. 457; Cook v. Redfield, 103 Okla. 77, 229 Pac. 588. In Reeves v. Noble, 88 Okla. 179, 212 Pac. 995, by Mr. Justice Branson, it is held that although the plaintiff, a so-called liquidating agent of a defunct bank, under the Bank Commissioner of this state, had no interest in the note sued on, either by contract of the parties or by operation of law and could not maintain the action in his own name as liquidating agent, nevertheless since it was an action in which the state was a proper party plaintiff, and no injustice could be done, the judgment in favor of the plaintiff should be affirmed with the proper plaintiff substituted by this court. Likewise, this court could, in the instant case, substitute the bankrupt for the trustee as plaintiff. This order will not be made because defendant may, by subsequent proceedings, protect itself against jeopardy of another liability on the claim herein.

2. Defendant next contends that the second amended petition, on which the cause was tried, constitutes a departure from the original petition. The basis of this contention is that in the original petition plaintiff attached only the purchase order of July 2, 1917, as the original contract. By mistake, the copy attached provided that the contract was not valid unless signed by an officer or purchasing agent of the New York company. Neither purchase order was signed by an officer or agent of either petroleum company. Such provision did not appear in either of the original purchase orders introduced in evidence. There is no basis of fact for this contention. Defendant properly raised the alleged departure by motion to strike, which motion was properly overruled by the court. Defendant's contention in this behalf is wholly without merit.

It is also urged that the petition does not state a cause of action because the contract pleaded does not express a consideration. There can be no doubt that the two purchase orders constituted one contract; that the first was assigned to the Western Petroleum Company of New York and that the execution of the second, or duplicate, by defendant to the latter company, constituted consent of defendant to such assignment. Nearly a quarter million gallons of gas oil were delivered by defendant to the Illinois company on its shipping orders prior to such assignment. More than a half million gallons were delivered to the New York company on its shipping orders after the assignment. As stated in Davis v. First National Bank of Butler, 100 Okla. 190, 229 Pac. 228, a person cannot take the benefits of a contract and at the same time reject its burdens. Each purchase order was signed by defendant—the jury so finding on competent evidence—and was presumptive evidence of a consideration. Thus, the burden was on defendant to show want of consideration. Reeves & Co. v. Dyer et al., 52 Okla. 750, 153 Pac. 850. Having partially performed its contract and not having pleaded failure of consideration, defendant is not in position to contend that the petition does not state a cause of action for failure to show consideration in the contract. Moreover, each purchase order contained the promise of the petroleum company to purchase the oil and the acceptance of defendant with the statement that defendant would ship same on shipping orders to be given. Mutual promises constitute good consideration.

Defendant failed on the proof on its only defense pleaded, that it did not execute the contract, and that Palmer was not its agent for such purpose. There is competent evidence in the record that Palmer was sales and traffic manager of the defendant, and tending to show that he had authority and did execute the purchase orders for defendant. Under the well known rule the judgment cannot be disturbed in this behalf. Moreover, having partially performed the contract, so as aforesaid, by delivering to each of said petroleum companies, oil on their shipping directions under said purchase orders, and receiving from them the contract price therefor, defendant is not in a position to urge that it did not authorize the execution of said purchase orders. It is not pointed out wherein the court erred in the submission of incompetent testimony, or in the instructions. The court instructed the jury that plaintiff must prove the execution of the contract as alleged before plaintiff could recover at all, this burden having been shifted by the verified answer. There is ample evidence to support the damages. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 44; 51 Cyc. p. 737. (2) 4 C. J. pp. 870. 1129 §§ 2846. 3122.