**MAINARD et al. v. FOWLER et al.**

No. 23745.   Jan. 29, 1935.

Rehearing Denied April 16, 1935.

W. W. Pryor, G. O. Wallace, and Hugh M. Sandlin, for plaintiffs in error.

A. S. Wells and Al G. Nichols, for defendants in error.

PER CURIAM. The defendants in error filed suit against the plaintiffs in error and others, to recover judgment for attorneys' fees. For convenience, the parties will be designated as plaintiffs and defendants as they appeared in the trial court. The plaintiffs filed their action in the superior court of Seminole county against the defendants J. L. Mainard, M. F. Mainard, Jr., J. A. Ligon, E. C. Aldridge, Mabel Garner, O. Brixey, Herman Shapard, J. F. Remy, Mary Casey, and the Farmers National Bank of Wewoka, Okla., a corporation. Before the final submission of the case to the jury, the same was dismissed as to all of the defendants except J. L. Mainard, M. F. Mainard, Jr., J. A. Ligon, and E. C. Aldridge.

The plaintiffs alleged for their first cause of action in their petition that they were each duly licensed and practicing attorneys, and that as such they were jointly employed by the said defendants to represent them in a suit in the United States District Court for the Eastern District of Oklahoma, involving the title of land belonging to the defendants; that pursuant to said employment they did represent said defendants in the Federal District Court, wherein a judgment was rendered in favor of the defendants; that thereafter both complainants appealed to the Circuit Court of Appeals for the Tenth Circuit of the United States, and thereafter the Circuit Court of Appeals rendered its decision, affirming the District Court on both appeals; that a petition was filed for rehearing by one of the complainants and later denied; that said complainant then filed in the Supreme Court of the United States his petition for a writ of certiorari, which was denied; that in connection with the handling of said litigation, they spent a great deal of time, and were required to travel approximately 5,800 miles, and were out of their offices approximately 34 days; that the value of the property involved was approximately $100,000; that a reasonable sum for their said services was $10,000.

And in their second cause of action they set out expenses paid by them in said litigation for the benefit of the defendants, in the sum of $158.62.

In the third cause of action they ask to have an attorneys' lien established against funds derived from said land in litigation

then on deposit in the defendant Farmers National Bank of Wewoka, Okla.

They pray for judgment on their first and second causes of action in the amount of $10,158.62, against all of the defendants except the bank.

That thereafter the defendants J. L. Mainard and M. F. Mainard, Jr., filed their motion to make more definite and certain, in which they ask that the plaintiffs be required to state whether or not said employment was an employment of the plaintiffs as individuals, or whether the same was the employment of their respective firms, and pursuant to an order of court, the plaintiffs filed an amendment to the petition, in which they state that they were not partners, and that in all of the litigation mentioned in the original petition they were jointly employed by said plaintiffs to appear and represent said defendants, as their joint attorneys, and that the contract of employment was a joint one and not several, nor in their individual capacity. The defendants Mainard filed their separate answer, which was a general denial, specifically denying that they, or either of them, had at any time employed the plaintiffs jointly to represent them as their attorneys in the litigation; that they were represented in said litigation by their private counsel, and that the defendants, J. A. Ligon, and E. C. Aldridge, were represented by A. M. Fowler, and Biggers, Wilson & Aldridge, the said Aldridge being a son of the defendant E. C. Aldridge, and that the other defendants likewise had their respective counsel, and that, at a conference had between the attorneys for the various parties, during the litigation, an agreement was had among said attorneys that $2,500 would be a reasonable fee to be charged.

At the conclusion of the testimony, the defendants J. L. Mainard and M. F. Mainard, Jr., moved for an instructed verdict in their favor, on the grounds that the testimony showed that, at the time of the purported employment of Virgil Biggers, the firm consisted of Biggers, Wilson & Aldridge, and that Bart Aldridge would be entitled to one-third of the fee recovered, and that therefore there was a misjoinder of parties plaintiff, and the plaintiffs were not entitled to recover in this action, which motion was by the court overruled and exceptions saved. Thereafter, the cause was submitted to the jury, who returned the following verdict:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiffs in the sum of $4,500, to be paid by the following: J. L. Mainard and M. F. Mainard, Jr., $1.500, also E. C. Aldridge, $1,500, also J. A. Ligon, $1,500, this first day of December, 1931. C. C. Gibbons, Foreman."

No objection to the form of the verdict was made at the time it was returned, and before the jury had been discharged. Thereafter, in conformity with said verdict, the court entered judgment against the defendants J. L. Mainard and M. F. Mainard, Jr., for the sum of $1,500, and against the defendant E. C. Aldridge for the sum of $1,500, and the defendant J. A. Ligon for the sum of $1,500, which said journal entry was O. K.'d by the attorneys for the defendants Mainards.

To reverse this judgment, the defendants J. L. Mainard and M. F. Mainard, Jr., appeal to this court.

The defendants set forth in their brief five assignments of error, which they argue under three propositions, as follows:

(1) Every action must be prosecuted by the real parties in interest. Where the defect does not appear on the face of the pleadings, and it is shown by the evidence that a third party is interested in the recovery, though not named as a party, it is the duty of the court to dismiss the cause on proper objection.

(2) Where an agreement is reached, the contract is complete, and the parties are bound thereby. Thereafter, neither of the parties shall be permitted to avoid said contract, especially if the same has been complied with by any one of the parties thereto.

(3) The verdict of the jury and judgment of the court is contrary to the law, and not supported by the evidence.

Since the plaintiffs in error in their brief present but three propositions, under holdings of this court, they will be deemed to have waived and abandoned any other assignments of error contained in their petition in error. Van Noy v. Schnoor, 114 Okla. 46 243 P. 134; Donnelly v. Atkins, 130 Okla. 33, 264 P. 911.

We will take up the propositions in the order above set out. It will be noticed that, under the first proposition, in the defendants' verbal motion and in their assignment of error, counsel referred to a "misjoinder" of parties plaintiff, which means an excess of parties, and not a "defect" of

parties, which means too few (Niblo v. Drainage District, 58 Okla. 639, 160 P. 468), but undoubtedly counsel meant to raise the objection of a defect of parties.

The record discloses that the plaintiffs in error knew of the existence of the firm, Biggers, Wilson, & Aldridge, long before and at the time the issues were made up, and no objection was taken by defendants' answer, and the existence of such partnership was testified to early in the trial, and that the plaintiffs in error made no objection thereto until at the close of all of the testimony.

Section 201, Okla. Stats. 1931 (C. O. S. 1921, sec. 268), provides that:

"The defendant may demur to the petition only when it appears on its face. * * *

"Fourth. That there is a defect of parties plaintiff or defendant."

Section 203, Okla. Stats. 1931 (C. O. S. 1921, sec. 270), provides that:

"When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

In the case of Culbertson v. Mann, 30 Okla. 249, 120 P. 918, it is said:

"Under the above sections of the statutes requiring the question of defect of parties to be raised by demurrer to the petition, or by answer, it has been often held, where the question was not so raised, that the party had waived the same, and could take no advantage of it on appeal."

It has been so held in this court in K. C., M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51, 138 Am. St. Rep. 870; also, in Choctaw O. & G. Ry. Co. v. Burgess et al., 21 Okla. 653, 97 P. 271.

In the case of Illinois Oil Co. v. Block, 129 Okla. 122, 263 P. 650, this court held:

Syl. 1. "Every action must be prosecuted in the name of the real parties in interest, and where the defect of parties does not appear upon the face of the pleadings, and is not known to the defendant at the time the pleadings are made up, but is first discovered at the trial, upon discovery of such fact, the matter should then be called to the attention of the trial court by proper objection."

Syl. 2. "In view of Compiled Statutes 1921, sections 209, 220, in action for breach of contract, refusal of motion to dismiss because plaintiff's partner was not made party, which motion was made as soon as defect of parties was discovered, held reversible error."

We shall now consider the defendants' second proposition. Under this proposition the defendants complain of the court's refusal of their requested instruction Nos. 5 and 6, which were as follows:

Defendants J. L. Mainard and M. F. Mainard's requested instruction No. 5:

"You are instructed if it was understood between the attorneys that they were to work to the interest of all parties in the litigation in the federal court and Pryor & Stokes agreed with Fowler & Biggers that a reasonable fee should be charged, and that they were to have 2/5 thereof, that Pryor & Stokes were looking to their client, J. L. Mainard, to pay them their fee, and that Fowler & Biggers should look to E. C. Aldridge and J. A. Ligon, then your verdict should be for the defendants."

Defendants' requested instruction No. 6:

"You are instructed that if an agreed fee of $2,500 was reached at Okmulgee, then the plaintiffs would be bound to accept the same and would only recover such an amount additional thereto as you find their services worth in looking after the appeal in the Circuit Court of Appeals of the U. S."

A reading of the testimony in this case discloses that, at most, there was some discussion between the attorneys in the federal court litigation as to what attorney fee should be charged; however, this discussion was in the absence of, and not assented to by, their clients, the defendants herein. The record further discloses that the refusal of the trial court to give requested instruction No. 6 was not assigned as error by the defendants in their petition in error, and is not within the issues made within the pleadings in the case.

"It is the duty of the trial court, upon its own motion, to properly instruct upon the issues made by the pleadings and the evidence introduced at the trial of the cause, and the failure to do so constitutes fundamental error." Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742.

"Where the court in its instructions properly covers all of the material issues presented in a case, it is not error to reject offered instructions which cover the same, nor error to reject instructions on issues not presented in the trial." Henderson v. Pebworth, 90 Okla. 187, 216 P. 472.

The instructions given by the trial court properly covered the issues made by the pleadings, and by the evidence introduced, and the refusal of the defendants' requested instructions was not error.

The third proposition requires a consideration of the pleadings, evidence, law, and verdict, which we find to be responsive to the issues, evidence, and instructions of the court.

There was no objection to the form of the verdict as made at the time it was returned and before the jury was discharged, and under the holdings of this court, unless such objection to the form of the verdict is made at the time it is returned, and before the jury is discharged, such objection would be deemed to have been waived and cannot be presented even in a motion for new trial. Crisp v. Gillespey, 50 Okla. 541, 151 P. 196; Raible v. Yawman, 93 Okla. 168, 220 P. 463; J. A. Bara v. Elbinger Shoe Mfg. Co., 98 Okla. 85, 224 P. 333.

There was ample testimony to support the verdict upon which the trial judge rendered judgment and approved the finding by the jury.

This court has uniformly held that, where there is testimony reasonably tending to support the verdict, the Supreme Court will not substitute its judgment for that of the jury, and the determination of questions of fact by the jury will not be disturbed on appeal. Wetzel v. Rixse et al., 93 Okla. 216, 220 P. 607.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Dan Mitchell, Carl Kruse, and Roy J. Elam in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mitchell and approved by Mr. Kruse and Mr. Elam, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.