### SUTHERLAND et al. v. LAMBARD-HART LOAN CO. et al.

No. 27027. March 30, 1937.

Chapman & Chapman, for plaintiffs in error.

George C. Abernathy, Edward Howell, and Kenneth Abernathy, for defendants in error.

CORN, J. Plaintiffs in error, hereinafter called plaintiffs, filed their petition in the superior court of Pottawatomie county, on July 10, 1931, in which they alleged in substance that on or about the 3rd day of March, 1930, they entered into an oral contract with the defendants in error Lambard-Hart Loan Company and Chas. H. Brown, hereinafter called defendants, according to the terms of which plaintiffs were to furnish material for the construction of a building for the defendants upon certain real estate described in said petition, of which said defendants were then and there the owners, and that they and each of them agreed to pay plaintiffs for the material furnished for the construction of said building; that on or about April 1, 1930, the defendant loan company transferred the said property by warranty deed to defendant Brown, a copy of which deed

is attached as exhibit A and made a part of the petition.

Plaintiffs further allege that they furnished the material to Lambard-Hart Loan Company, and to Brown, in accordance with the terms and conditions of said contract; that material was last furnished to defendants under the provisions of said oral contract on November 25, 1930; that there is due from the defendants the amount of $1,112.36, with interest at 6 per cent. from that date.

Plaintiffs pray for personal judgment against defendants Lambart-Hart Loan Company and Charles H. Brown for the principal sum of $1,112.36, with interest at 6 per cent. from November 25, 1930, and costs, including a reasonable attorneys' fee; that the judgment be declared a first and prior lien upon the premises.

On January 3, 1933, with leave of court, the defendant Lambard-Hart Loan Company filed its verified amended answer and cross-petition, which contains allegations substantially as follows: A general and specific denial.

In the cross-petition, it is alleged:

"That Lambard-Hart Loan Company was the owner of the real estate on the 3rd day of April, 1930, and on said date delivered a deed conveying the property described in plaintiffs' petition, to the defendant Chas. H. Brown.

"That on the said 3rd day of April, 1930, the said defendant, Chas. H. Brown, and Loula M. Brown, his wife, as a part of the same transaction as the conveyance of said property to them, for a valuable consideration, made, executed and delivered to Lambard-Hart Loan Company, their mortgage in writing securing payment to said Lambard-Hart Loan Company, the sum of $4,000, the indebtedness being evidenced by a note of the same date, due the 3rd day of August, 1930, with interest at 8 per cent. per annum from date; that the mortgage was duly acknowledged, the mortgage tax paid, and duly recorded.

"That the mortgage was taken to secure payment to cross-petitioner, of funds which cross-petitioner was to pay and did pay for and on behalf of the said Chas. H. Brown and his wife for labor and material used and performed in the erection and construction of a dwelling house upon the property described in plaintiffs' petition.

"That the plaintiffs herein were informed of the execution and delivery of the said mortgage to the cross-petitioner, and had actual knowledge thereof, and knew that said mortgage constituted a first and prior lien upon the property.

"That the said Chas. H. Brown and Loula M. Brown have never paid to cross-petitioner the note and indebtedness secured by said mortgage, and the note remains unpaid and the mortgage is in full force and effect."

A jury having been waived, the cause came on regularly for trial before the court, whereupon plaintiffs were given permission to amend their petition so as to show a credit of $150 paid, and that the amount owing is $962.36 instead of $1,112.36. The defendants Chas. H. Brown and Loula M. Brown were adjudged in default, but upon reminder that the service upon the defendants was by publication, it was directed that no personal judgment be rendered against them.

After trial the case was taken under advisement, and later judgment was rendered holding that mortgage lien of Lambard-Hart Loan Company for $4,000 is superior to lien of plaintiffs, and plaintiffs appeal.

The evidence of the plaintiffs was that the defendant Lambard-Hart Loan Company, together with Chas. H. Brown, entered into an oral contract with the plaintiffs for the purchase by the defendants, and furnishing by the plaintiffs, of the material for the erection and construction of improvements on the real estate described in plaintiffs' petition, and that the said defendants promised and agreed to pay for the same.

The evidence of the defendant Lambard-Hart Loan Company denied that it entered into a contract with the plaintiffs for the furnishing of the materials, denied that it promised or agreed to pay for the materials, either by itself or through any authorized agent, denied liability for the purchase price of the material, and asserted that it held notes, amounting to $6,500, with interest, secured by mortgages on the property, and that the plaintiffs had full and actual knowledge that the mortgages had been negotiated and had been executed.

W. L. WeMott was manager for plaintiffs and represented plaintiffs in the entire transaction. Exhibit No. A, shows a notation as follows: "4-1st-1930 sold by us for $1,164.37 FOB Yard, Lot clear-labor paid every Saturday loan to pay off on completion of job about 90 days by Lambard-Hart Loan Company."

The witness WeMott testified that this exhibit was all in his handwriting, that it had been written before he talked to Mr. Hart on March 28, 1930. The words "loan to pay off on completion of job about 90

days by Lambard-Hart Loan Company" show that the manager of the plaintiffs had been advised of the mortgage, and that he had received the information on or prior to March 28, 1930. The first material was furnished April 3, 1930.

The witness Chas. H. Brown testified: That he had some conversation with Mr. WeMott relative to furnishing material for the erection of a building on the lot in controversy; but he did not tell that he and Lambard-Hart Loan Company were putting the building on the lot; he told Mr. WeMott that the bill would be bought after he had given a mortgage back for the lot and that there would be a first and second mortgage to take care of the labor and material and the cost of the property; that he told Mr. WeMott that he would purchase the material from Sutherland Lumber Company after he had purchased the lot from Mr. Hart and had given Hart the mortgage; that Mr. Hart had nothing whatever to do with the purchase of the material; that he told Mr. WeMott on April 3rd that he had purchased the lot, had given Mr. Hart two mortgages for the lot, was ready to go to work, and told Mr. WeMott to deliver the material; that he had no conversation with Mr. WeMott with reference to his furnishing material to Lambard-Hart Loan Company for erection of the building in question and that the building cost about $1,000 more than he, the witness, had estimated.

Where cause is tried to the court without a jury, and the evidence is conflicting, the finding of the trial court will not be reversed on appeal when there is competent evidence reasonably tending to support such finding.

Judgment affirmed.

OSBORN, C. J., and RILEY, PHELPS, and HURST, JJ., concur.