## CUMMINS et al. v. SMITH et al.

No. 28317. Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

W. N. Maben and Joe W. Simpson, for plaintiffs in error.

Samuel H. Glassmire, for defendants in error.

PER CURIAM. This action was instituted by the plaintiffs in error, hereafter referred to as plaintiffs, against the defendants in error, hereafter referred to as defendants, to recover possession of a strip of land which had been vacated by the Midland Valley Railway Company as a right of way and for $250 as damages for the unlawful detention of said land. Defendants in their answer conceded title to plaintiffs to one-half of the land in controversy and asserted title in themselves to the other one-half, and by counterclaim sought damages in the sum of $500 for destruction of crops through the alleged negligence of plaintiffs in diverting flood waters over their lands. Plaintiffs in reply sought similar damages in the sum of $200 against the defendants for impounding flood waters over their land. The action being one at law, a jury was waived and the cause tried to the court upon the issues as above framed. The court found for the plaintiffs upon the issue of title and against them and in favor of the defendants upon the issue of damages resulting from flood water and awarded the plaintiffs possession of the land involved and gave defendants judgment against the plaintiffs for the sum of $100 and divided the costs of the action between the respective parties. The plaintiffs appeal from that portion of the judgment which gave the defendants damages in the amount of $100 and divided the costs of the action. The defendants have filed a cross-appeal. While the plaintiffs state it differently, the sole question here presented for determination is whether there is any competent evidence in the record to support the judgment of the trial court on the issue of damages. The action being one at law and tried to the court without the intervention of a jury, the applicable rule is that announced in the case of Sutherland v. Lambard-Hart Loan Co., 179 Okla. 486, 66 P.2d 523, wherein it is said:

"Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal."

The record shows that the evidence offered by the parties in connection with the question of damages occasioned by flood waters was far from complete, but there is sufficient evidence therein to sustain the judgment of the trial court upon this issue, and this being true, the judgment should not be disturbed.

On motion of the defendants, judgment is rendered on the supersedeas bond.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur. RILEY, GIBSON, and DAVISON, JJ., absent. DANNER, J., not participating.