## JOSEPH v. COFFEY.

No. 28333.   Dec. 13, 1938.

Roy Lowe and Bruce & Rowan, for plaintiff in error.

J. M. Huser, for defendant in error.

PER CURIAM. This is an action in unlawful detainer which was commenced on January 9, 1937, in a justice court of Seminole county by Carmie L. Coffey, hereafter referred to as plaintiff, against Jim Joseph, hereafter referred to as defendant, to obtain restitution of certain real property located in the city of Wewoka. The plaintiff had judgment in the justice court, and the defendant appealed the cause to the district court, where a trial de novo, without the intervention of a jury, was had on June 5, 1937. The district court gave the plaintiff judgment for restitution of the premises involved and also for rents accrued and to accrue until the defendant should surrender possession of the property in controversy to the plaintiff. Motion for new trial was overruled and denied, and the defendant has appealed the cause here.

As grounds for reversal the defendant urges that the judgment for restitution is not supported by the evidence and that the judgment for rents was outside of the issues and therefore beyond the jurisdiction of the court to render.

The action was one at law and had for its purpose the recovery of the possession of certain real estate. No other relief was sought. The cause was tried in the district court without the intervention of a jury. The rights of the parties to the possession of the premises in controversy depended upon whether the defendant had a lease contract for twelve months, as he contended, or for only nine months, as contended by the plaintiff. The evidence upon this issue was in conflict. The trial court by its judgment resolved the conflict in favor of the plaintiff, and the record contains competent evidence which reasonably tends to support the judgment so rendered. The rule to be applied in such case has been aptly stated in Sutherland et al. v. Lambard-Hart Loan Co., 179 Okla. 486. 66 P.2d 523, as follows:

"Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury,

and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal."

It is therefore apparent that the judgment which awarded restitution of the premises to the plaintiff should not be disturbed.

The judgment for rents accrued and to accrue presents a different situation. The plaintiff by her pleading sought only possession of the property and did not ask for any rents or damages. The cause was tried on this theory in the justice court, and on appeal of the cause to the district court the matter stood for trial upon the same pleadings, in the absence of any authorized amendment. Section 1022, O. S. 1931 (39 Okla. St. Ann. sec. 243). No leave to amend was requested or given. Apparently, in rendering the judgment which it did for rents, the trial court had in mind the provisions of article 2. chap. 6, S. L. 1935, which authorizes such recovery in a proper case. Such case, however, was not presented to the court by the plaintiff, and therefore the judgment for rents accrued and accruing was beyond and without the issues presented by the pleadings and was to this extent void. Rogers v. Bass & Harbour Co.. 47 Okla. 786, 150 P. 706; Choi v. Turke. 55 Okla. 499. 154 P. 1000; Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co.. 62 Okla. 242. 162 P. 451; Freeman on Judgments (5th Ed.) vol. 1, sec. 355. As said in the case of Roth v. Union National Bank of Bartlesville, 58 Okla. 604. 160 P. 505:

"If a judgment or decree includes a decision of an independent and separable subject-matter or question within, and an independent and separable subject-matter or question beyond. its jurisdiction. the same is valid as to the former and a mere nullity as to the latter, and is not void in toto."

In view of what has been said. it is apparent that in the instant case the judgment for restitution was proper and should be affirmed, and that the judgment for rents accrued and accruing was outside of the issue involved and should be stricken. Therefore the judgment is modified by striking therefrom that portion which attempts to award a recovery for rents, and as thus modified the judgment is affirmed.

The costs of appeal will be equally divided between the parties.

Judgment affirmed as modified.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ.. concur.