## SHICK v. ENID CLINIC et al.

No. 28541. Feb. 14, 1939.

Rehearing Denied March 21, 1939.

T. R. Blaine, for plaintiff in error.

M. F. Priebe and Milton W. Priebe, for defendants in error.

PER CURIAM. This action originated in a justice court of Kingfisher county, where the defendants in error, hereafter referred to as plaintiffs, sought to recover an alleged balance due on an account from the plaintiff in error, hereafter referred to as defendant. The defendant by demurrer and answer challenged the sufficiency of the bill of particulars to state a cause of action and pleaded in bar the statute of limitations. Trial in the justice court resulted in a judgment in favor of plaintiffs, and their recovery was assessed at the sum of $100. The defendant appealed the cause to the district court of said county, where it was tried de novo without the intervention of a jury. The defendant demurred to the evidence of the plaintiffs on the ground that they were not the real par-

ties in interest; when this was overruled, he stood on his demurrer and declined to offer any evidence. The trial court thereupon rendered judgment in favor of the plaintiffs for the sum of $174, with interest thereon at the rate of 6 per cent. per annum from November 9, 1937. This appeal is from the judgment so rendered and the order which overruled and denied defendant's motion for a new trial.

The defendant assigns twelve specifications of error, which he presents under two propositions, which, in substance, are: First, the action was not prosecuted by the real parties in interest; second, the action was barred by the statute of limitations. In the case of Okmulgee Producing & Refining Co. v. Brown, 109 Okla. 215, 235 P. 546, this court said:

"Whilst every action must be prosecuted in the name of the real party in interest, that question constitutes new matter and should be raised by answer when such defect does not appear on the face of the pleadings."

See, also, Pomeroy's Code Remedies, par. 587.

The bill of particulars of the plaintiff was sufficient to apprise the defendant as to whether the plaintiffs were the real parties in interest, but, notwithstanding this fact, the defendant did not attempt to raise the question by either demurrer or answer. Under such circumstances the defendant must be deemed to have waived the objection. Mainard v. Fowler, 171 Okla. 582, 42 P.2d 878; Culbertson v. Mann, 30 Okla. 249, 120 P. 918; Harrah State Bank v. School Dist. No. 70, Oklahoma County, 47 Okla. 593, 149 P. 1190. We therefore hold that the objection that plaintiffs were not the real parties in interest, if it were otherwise tenable, came too late.

The remaining contention of the defendant, to the effect that his plea of the statute of limitations in bar should have been sustained, is likewise untenable. The evidence of the plaintiffs, standing uncontradicted, was sufficient to establish the fact that the defendant had made a partial payment upon the account which had been credited thereon under circumstances which warranted the clear inference that the defendant then recognized the debt as an existing liability and made manifest his intention to pay it. This, if done, was sufficient to toll the statute. Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210; First State Bank v. Lucas, 168 Okla. 406, 33 P.2d 622. When the defendant demurred to the evidence of the plaintiff he thereby admitted all of the facts which such evidence tended to establish and all reason-

able inferences to be drawn therefrom. Oilton State Bank v. Ross, 108 Okla. 24, 234 P. 567; D'Yarmett v. Cobe, 51 Okla. 113, 151 P. 589. Since the action was one at law tried to the court without the intervention of a jury, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and since such judgment is reasonably supported by competent evidence in the record, it should not be disturbed. McConkey v. Brittain, 181 Okla. 53, 72 P.2d 348; Sutherland v. Lambard-Hart Loan Co., 179 Okla. 486, 66 P.2d 523. The record presents no reversible error.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.