G. L. WIGGINS, Plaintiff in Error,

v.

A. L. STERNE, Defendant in Error.

No. 36743.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Rehearing Denied Feb. 21, 1956.

Houston, Klein, Melone & Davidson, Tulsa, for plaintiff in error.

H. M. Crowe, Jr., A. C. Saunders, Tulsa, for defendant in error.

PER CURIAM.

The parties will be referred to as they appeared in the trial court.

This action was instituted in the district court of Tulsa County, Oklahoma, by petition of plaintiff against G. L. Wiggins and Western Beauty Supply Company, a corporation, alleging breach of a contract entered into by plaintiff and defendant Wiggins. In said contract the parties agreed to merge the business of A. L. Sterne Company, a corporation, and the business of said defendant Wiggins, known as Western Beauty Supply Company, which he was operating as an individual.

The contract provided that said parties should place the assets of said businesses in a new corporation to be known as Western Beauty Supply Company; that the new company so formed should assume all the liabilities of each business so merged and each party to the contract should receive stock in the new company for the excess of his assets placed in the company over his liabilities.

The plaintiff charged a breach of the contract by the defendant Wiggins in having failed to complete the organization of the corporation, refusing to issue stock, etc., and prayed for a judgment for the amount of the assets he had delivered to defendant less such debts as the defendant had paid for plaintiff.

The defendant Wiggins contended by his separate answer that the greater portion of the merchandise delivered to him by plaintiff was used, damaged and unsalable, and that he was required to pay for plaintiff other accounts than those plaintiff represented would have to be paid; that plaintiff failed and refused to devote his time and efforts to the business; continued to operate the A. L. Sterne Company, and abandoned the business of Western Beauty Supply Company.

Plaintiff replied to defendant's answer by way of general denial.

The defendant, Western Beauty Supply Company, a corporation, was in default at time of trial.

The cause was presented to a jury resulting in a verdict for plaintiff, and from the judgment based thereon defendant appeals.

The record reveals that A. L. Sterne Company was a family corporation; that the plaintiff was its president; that all its assets were delivered to defendant, some of said assets being in their original containers or cartons addressed to A. L. Sterne Company, a corporation; that physical inventory of such assets was taken by plaintiff and defendant Wiggins; that defendant

Wiggins was still in possession of such assets so delivered, which had not been sold; that a corporate charter was issued by the Secretary of State to the new company; that a meeting was held resulting in the election of Wiggins as president, Sterne as vice-president, and one George E. Wiggins, as secretary-treasurer; that none of the corporate stock was at any time issued. The value of the assets except the furniture and fixtures, and stock of merchandise, was agreed. The testimony as to the value of the furniture and fixtures, and the stock of merchandise was in conflict.

■ It is first contended by defendant that the action was not prosecuted by the real parties in interest and the court erred in overruling defendant's motion to dismiss when such fact became apparent from the testimony. This court in Shick v. Enid Clinic, 184 Okl. 484, 88 P.2d 329, had this to say: "Objection that an action is not being prosecuted by the real party in interest should be raised by demurrer where the pleading discloses such fact and by answer where it does not if such condition is known to the party entitled to object and if not so taken under conditions above set forth it will be deemed to have been waived."

■ It is well settled in this jurisdiction that every action must be prosecuted in the name of the real party in interest. However, it is equally well settled that such a question raises new matter and should be raised by answer, when such defect does not appear on the face of the pleadings and such condition is known to the defendant. Whilst the petition of plaintiff did not apprise defendant as to whether the plaintiff was the real party in interest, the defendant was the possessor of sufficient physical facts with reference to the assets delivered to him by plaintiff to have enabled him to raise the question by his answer. This he did not do. Under such circumstances the defendant must be deemed to have waived the objection. See, Mainard v. Fowler, 171 Okl. 582, 42 P.2d 878; Culbertson v. Mann, 30 Okl. 249, 120 P. 918; Harrah State Bank v. School Dist. No. 70, Oklahoma County, 47 Okl. 593, 149 P. 1190. We therefore hold that the objection that plaintiff was not the real party in interest, if otherwise tenable, came too late.

Defendant next contends that the Western Beauty Supply Company, a corporation, was a proper party defendant and the dismissal as to that defendant created a defect of parties defendant; that the right of action of plaintiff is against Western Beauty Supply Company, a corporation, and therefore the motion for a directed verdict in favor of the defendant Wiggins should have been sustained. This contention is based upon both plaintiff and defendant's testimony that a corporate charter was issued to the new company and irrespective of the issuance of stock, it is urged by defendant that said corporation was a de facto corporation; that it was the entity which received the stock of merchandise and assets of the A. L. Sterne Company, and could be the only proper party liable. When, in the course of the trial, it became apparent that the corporation organization was never completed in so far as the issuance of the corporate stock, the cause was dismissed as to said defendant, Western Beauty Supply Company, a corporation. It does not appear from the record that the defendant Wiggins made objection to such dismissal, nor was his motion for a directed verdict based upon this specific contention. It was not raised in his motion for a new trial. He did offer a supplemental answer at the close of plaintiff's testimony which was refused by the court. However, a review of such offered answer does not disclose that the question of defect in parties defendant was then raised. This question is now specifically raised for the first time.

■ This court has uniformly held that where defendant wishes to rely upon such a defense he must interpose an objection promptly and in the manner provided by law, or he will be deemed to have waived the same, and that he will not be permitted to raise such question for the first time in a motion for new trial or in the appellate court. See Panther Oil & Gas Co. v. Brown, 170 Okl. 210, 39 P.2d 150, and cases therein cited. Applying the principles announced in the foregoing authorities to the instant case defendant can-

not sit idly by and without objection in the manner provided by law permit a dismissal of an essential party, speculating upon a favorable decision and when afterwards he is disappointed by an adverse decision, be allowed to raise such question for the first time in the appellate court. Defendant's second and third propositions are therefore untenable and without merit.

■ Defendant's fourth proposition is that the trial court erred in not granting a mistrial upon his motion on account of the misconduct of a juror. At the close of the arguments of counsel a motion was made by defendant's counsel for a mistrial based upon the allegations that one of the jurors by her actions, gestures, facial expressions and exclamations indicated her bias and prejudice towards defendant, indicating a preference for plaintiff's cause, and thereby attempted to influence other jurors. The rule laid down in 16 R.C.L. p. 321, is as follows: "The power to discharge the jury is within the sound discretion of the trial judge, and his exercise of such discretion will not be reviewed by the appellate courts, unless its clear abuse appears." This matter was open to the trial judge. The trial of this cause was under his inspection. Who was in a better position during the course of the trial to observe the actions of the jury? If the actions on the part of a particular juror had disqualified the jury, or a portion of them, from considering the case properly, it would have been the duty of the trial judge to have entered a venire facias de novo. That he did not do, so we must, in the absence of proof, come to the contrary conclusion and hold that the irregularities complained of were entirely innocuous to the defendant.

■ Another contention of defendant is that the judgment is not supported by the pleadings. This contention is not well taken. It is generally conceded that the allowance of a greater sum than that demanded in the pleadings is error. However, an examination of the pleadings in the instant case reveals that defendant is attempting to place an interpretation thereon which cannot be justified.

■ Although defendant complains of certain instructions given by the court, he made no objections to any of the instructions nor did he present requested instructions setting forth his idea of the correct rule of law. He neither asserts nor demonstrates fundamental error. He has therefore waived any objection to the instructions as given. Miller v. Tennes, 140 Okl. 185, 282 P. 345; Drum Standish Comm. Co. v. First Nat'l Bank & Trust Co. of Okla. City, 168 Okl. 400, 31 P.2d 843; Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817.

■ Lastly it is contended by defendant that the judgment unjustly enriches the plaintiff. With this contention we cannot agree. The record reviewed reveals, that all values as to assets delivered by plaintiff to defendant, except as to merchandise, and furniture and fixtures was agreed. The evidence reference value of furniture and fixtures and stock of merchandise was in direct conflict and the jury by its verdict placed the value thereon. There was evidence reasonably tending to sustain the jury's verdict and judgment based thereon. Under such circumstances such verdict and judgment will not be reversed on appeal.

Included in the brief of the plaintiff is a motion for judgment on the supersedeas bond. Since there appears to be no good reason for denying said motion, judgment is hereby rendered against G. L. Wiggins, principal, and Wm. Broadhurst, surety, in the sum of $13,540.94, with interest thereon at the rate of six per cent per annum from June 15, 1954.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED and approved by Commissioners J. W. CRAWFORD and JAMES H. NEASE, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.